## S01Y0650. IN THE MATTER OF PERRY O. LEMMONS.
### (545 SE2d 885)

PER CURIAM.

This disciplinary matter is before the Court pursuant to the Report and Recommendation of a special master who was appointed following the filing of a Formal Complaint by the State Bar. The Formal Complaint alleged, and the special master found, that Lemmons violated Standards 4 (a lawyer shall not engage in professional conduct involving dishonesty, fraud, deceit, or wilful misrepresentation) and 25 (a lawyer shall not practice in a jurisdiction in violation of the regulations of the profession in that jurisdiction) of Bar Rule 4-102 (d). The violation of Standard 4 may be punished by disbarment, while the violation of Standard 25 may be punished by public reprimand.

The State Bar filed a Formal Complaint against Lemmons, who has been a member of the Bar since 1968. Despite acknowledging service of the Formal Complaint, Lemmons failed to respond. Accordingly, acting pursuant to Bar Rule 4-212, the special master deemed admitted (by default) the facts alleged and violations charged in the Formal Complaint and recommended disbarment from the practice of law as the appropriate sanction.

In this case, we suspended Lemmons by order filed October 18, 1999, from the practice of law for two years. See *In the Matter of Lemmons*, 271 Ga. 582 (522 SE2d 650) (1999). Nevertheless, Lemmons failed and refused to certify to this Court that he had ceased the practice of law as required by Bar Rule 4-219 (c); continued to maintain, through at least February 1, 2000, a sign in front of his office stating that he was an attorney in violation of OCGA § 15-19-51 (a) (3) (unlawful for a person other than a duly licensed attorney to hold himself out to public as being entitled to practice law and/or to advertise a title such as "attorney at law" so as to convey the impression that he is entitled to practice law); and, on February 1, 2000, appeared at the office of the Clerk of the Probate Court of Fulton County with several individuals who filed a Petition to Probate Will in Solemn Form in the Estate of Joseph Henry Brown on forms other than those issued by the Probate Court (such substitute forms are permitted by Uniform Probate Rule 21 so long as they are certified by an attorney), which forms had been certified by Lemmons.

Considering these facts, we conclude that the special master was authorized to find that Lemmons knowingly violated Standards 4

and 25 of Bar Rule 4-102 (d). As aggravating circumstances, we note Lemmons' prior disciplinary proceedings; a pattern of misconduct as evidenced by the fact that the prior proceedings related to similar acts of misrepresentation (Lemmons was suspended in 1999 for holding himself out as licensed to practice accountancy in Georgia); intentional failure to comply with rules and orders of disciplinary agencies as evidenced by Lemmons' refusal to certify to this Court, after his previous suspension, that he had ceased the practice of law and his refusal to respond to the instant disciplinary proceedings; a refusal to acknowledge the wrongful nature of his conduct as evidenced by the repetition of similar misconduct; and substantial experience in the practice of law. We find no factors in mitigation and therefore we conclude that disbarment is the warranted sanction in this case. Accordingly, Lemmons is hereby disbarred from the practice of law in Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED APRIL 30, 2001.

*William P. Smith III, General Counsel State Bar, E. Duane Cooper, Assistant General Counsel State Bar,* for State Bar of Georgia.