## S01Y1635. IN THE MATTER OF HAROLD MICHAEL HARVEY.

(560 SE2d 646)

PER CURIAM.

These seven disciplinary matters are before the Court on the Report and Recommendation of the Review Panel in which the Review Panel agreed with the special master and found the Respondent, Harold Michael Harvey, violated Standard 44 (lawyer shall not without just cause to the detriment of his client in effect wilfully abandon or disregard a legal matter entrusted to him) of Bar Rule 4-102 (d) in five of the cases, as well as Standard 22 (b) (lawyer shall not withdraw from employment until he has taken reasonable steps to avoid foreseeable prejudice to the rights of his client) in one case and Standard 68 (failure to respond to disciplinary authorities) in another. The Review Panel also agreed with the special master that a one-year suspension with conditions for reinstatement is the appropriate sanction in these matters. In all of the cases, the State Bar filed Formal Complaints against Harvey, to which he responded (except in State Disciplinary Board ("SDB") Docket No. 3947, where Harvey failed to respond to the Notice of Investigation), and the special master heard the evidence and argument of the parties over a period of two days, September 14 and 15, 2000. On January 19, 2001, the special master issued his Report and Recommendation, to which both Harvey and the State Bar filed exceptions and the State Bar requested a Review Panel review. The Review Panel issued its report on March 16, 2001, in which it essentially agreed with the special master's findings of fact and conclusions of law. Both Harvey and the State Bar filed exceptions to the Review Panel report and the matters are now before this Court for consideration.

*SDB Docket No. 3857*: Harvey agreed to represent a client in a housing discrimination matter, for which the client paid Harvey $300. Harvey corresponded with the Georgia Commission on Equal Opportunity and obtained the client's file, but did nothing further in the representation. Harvey contends he reviewed the file and asked a former EEOC lawyer also to review it, after which he determined that the client's case was not a good one and that he would not pursue it, but he never so advised his client. Harvey had a meeting with the client at which he admitted he had "dropped the ball" and the client terminated Harvey and asked for his file, which Harvey failed to return until much later. Harvey did not direct his legal assistant to return the file until months after the meeting, which the assistant did, apologizing for the delay and stating that "unfortunately, it slipped through." The Review Panel found that Harvey violated Standard 22 (b) with respect to this matter, but that he did not violate Standard 44, as charged by the State Bar in the Formal Complaint. The Review Panel held that by reviewing the client's file, having a

former EEOC lawyer also review it, and concluding the case lacked merit, and that by meeting with the client and telling him he would not take the case, Harvey fulfilled his professional obligations to his client.

*SDB Docket No. 3858*: In this matter a client hired Harvey in a personal injury case against her residence, the Clairmont Lodge. The client moved from the Clairmont Lodge and gave Harvey her new address. Harvey also knew where the client worked. Harvey sent the Clairmont Lodge a letter attempting to settle the matter, but did no further work on his client's behalf for two years. He then gave the case to his associate, Kimberly Staten-Hayes. The client was unable to reach Harvey to discuss her case but finally scheduled a meeting with him during which Harvey told her the statute of limitation had expired. When questioned by his client, Harvey denied authoring the letter to the Clairmont Lodge and shifted the blame for the lack of progress on the case to Staten-Hayes, who worked for him only five months. The Review Panel found that by agreeing to represent the client but failing to handle the matter, Harvey violated Standard 44.

*SDB Docket No. 3912*: Harvey agreed to represent a client in a personal injury case and in a discrimination case. He filed an appearance in federal court on behalf of his client in the discrimination case but despite receiving a copy of the opposing party's motion for summary judgment, Harvey failed to file a response, arguing that he did not because he determined the client's case had no merit. The client's discrimination case was dismissed. Harvey filed the personal injury action but never served the defendant, although he provided a copy of the lawsuit to the insurance company, whose attorney attempted unsuccessfully to reach Harvey to acknowledge service on behalf of the defendant. The attorney filed a motion to dismiss, to which Harvey failed to respond and the court dismissed the case, in which the attorney testified the insurance company was prepared to accept liability. The Review Panel found that Harvey did not violate Standard 44 with respect to the discrimination case, but did violate it with respect to the personal injury case.

*SBD Docket No. 3913*: A client paid Harvey $760 to represent her in a discrimination case. The client obtained a right-to-sue letter, which she gave to Harvey, who told her he would file the action within the requisite 90 days. Staten-Hayes worked on the case under Harvey's supervision and began drafting a complaint just days before she left Harvey's employ. Staten-Hayes updated Harvey about the case before she left, but Harvey failed to take any further action. Harvey produced a letter to his client advising her he could no longer handle her case but the client denies ever receiving such a letter. The client's husband repeatedly attempted to telephone Harvey, who never returned the calls. The client's husband confirmed with the

court clerk that Harvey never filed the action and that the deadline had passed. The Review Panel ruled that Harvey's conduct constituted a violation of Standard 44.

*SDB Docket No. 3947:* Harvey agreed to represent a client in an employment discrimination case, for which the client paid Harvey $2,500 in fees plus $100 for filing fees. Harvey testified inconsistently about whether he told the client to file a claim with the EEOC, but Harvey filed a lawsuit in federal court on the client's behalf. Although his client's employer expressed to Harvey a willingness to resolve the case, Harvey never settled it nor even solicited an offer from the employer. The employer filed a motion for summary judgment to which Harvey failed to respond, so the court granted the motion. Harvey did not withdraw from the case or inform his client that he would not pursue the claim. Harvey did not respond to the Notice of Investigation in the disciplinary proceeding arising from this matter, explaining that he had "lots of things to respond to" and leading the Review Panel to remark that Harvey "simply could not manage the volume of grievances, just like he was unable to manage his caseload." Review Panel report, 8. The Review Panel found Harvey violated Standard 44 in regard to this case by filing the suit and taking no further action. The Review Panel found inconsistent and not credible Harvey's testimony that he only filed the case because his client "pestered" him, but did not file a response to the summary judgment motion because he was afraid of Rule 11 sanctions. Harvey also testified inconsistently that he received the client's messages but saw no reason to call him back, and that he had no knowledge of any phone calls from the client. In regard to this matter, the Review Panel also found that Harvey violated Standard 68 by failing to respond to the Notice of Investigation.

*SDB Docket No. 3949:* The Review Panel found that Harvey did not violate Standard 44, as alleged by the State Bar, in this matter where he represented a client in a personal injury case. Staten-Hayes prepared a claim form for the client to pursue her claim through the Claims Advisory Board of the State Tort Claims Act, which she submitted to the client for her signature. The client refused to sign the form, having several objections to it. When she failed to return the form within a reasonable time, Harvey sent her a letter requesting that she return it as soon as possible, but the client did not respond to that letter or to a subsequent one in which Harvey advised her that if she did not return the form, he would close his file, which he did a year before she filed the grievance in this case. The Review Panel held that Harvey did not intentionally abandon this client's claim.

*SDB Docket No. 4027:* In this last matter, Harvey agreed to review documents for a client concerning a discrimination matter

and give her advice about a possible television interview. The client signed an employment contract with Harvey and paid him a $2,000 retainer. She sent him two crates of documents but she became concerned when she did not hear from Harvey and he would not return her phone calls. The client sent Harvey a letter via certified mail terminating his services and requesting the return of her files and the retainer. Harvey never claimed the letter and when the client went to his office to retrieve her files, she found them in the same condition as when she left them. Despite his assertion that he reviewed the files, he did not make any notes on the voluminous documents, and the Review Panel found that the circumstances indicate that Harvey never reviewed the documents. The Review Panel again found a Standard 44 violation, noting Harvey's inconsistent testimony that he reviewed the files and told his client several times he found most of them not favorable to her position, as opposed to his testimony that he never had spoken personally to his client, which Harvey attempted to explain by stating he "misspoke." The Review Panel found that, to the contrary, Harvey was attempting to mislead the special master.

We hereby adopt the Review Panel's findings of fact and conclusions of law and agree that Harvey violated Standard 22 (b) but not Standard 44 in SDB Docket No. 3857, violated Standard 44 in SDB Docket Nos. 3858, 3912 (with respect to the personal injury claim but not the discrimination claim), 3913, 3947 and 4027, but did not violate Standard 44 in SDB Docket No. 3949, and violated Standard 68 in SDB Docket No. 3947. The Review Panel noted the following aggravating factors: a pattern of misconduct, multiple offenses, submission of false evidence, false statements or other deceptive practices during the disciplinary proceedings, and refusal to acknowledge the wrongful nature of the conduct. Notwithstanding its findings, the Review Panel agreed with the special master that the appropriate discipline for Harvey is a one-year suspension with reinstatement conditioned upon successful completion of the State Bar's ethics school prior to reinstatement, and successful completion of the State Bar's law practice management program within six months of reinstatement.

Neither the Review Panel nor the special master cited any mitigating factors in support of the discipline they recommended. While the special master specifically considered Harvey's good character and community involvement, we do not agree that a one-year suspension with the above-stated conditions for reinstatement is the proper sanction in this case. Instead, we conclude that Harvey should be suspended from the practice of law for a two-year period. See, e.g., *In the Matter of Buck-Long*, 261 Ga. 801 (413 SE2d 453) (1992). Accordingly, it hereby is ordered that Harvey be suspended from the prac-

tice of law in this State for a period of two years for his violations of Standards 22 (b), 44 and 68, with reinstatement conditioned upon successful completion of the State Bar's ethics school prior to reinstatement and successful completion of the State Bar's law practice management review program within six months of reinstatement. Harvey is reminded of his duties under Bar Rule 4-219 (c).

*Two-year suspension with conditions for reinstatement. All the Justices concur, except Hunstein, J., who dissents.*

DECIDED FEBRUARY 21, 2002 —
RECONSIDERATION DENIED MARCH 28, 2002.

*William P. Smith III, General Counsel State Bar, Elizabeth M. Williamson, Assistant General Counsel State Bar,* for State Bar of Georgia.

*James E. Spence, Jr.,* for Harvey.