S04Y0520. IN THE MATTER OF HAROLD MICHAEL HARVEY.
(592 SE2d 852)

PER CURIAM.

This disciplinary matter is before the Court pursuant to the Report and Recommendation of a special master appointed after the State Bar filed a Motion for Contempt. Regarding that motion, the special master found that Harold Michael Harvey had improperly continued practicing law after this Court entered an order on February 21, 2002, suspending him from the practice for a period of two years due to multiple violations of Standards 22 (b), 44 and 69 of Bar Rule 4-102 (d). See *In the Matter of Harvey,* 275 Ga. 28 (560 SE2d 646) (2002) (imposing a two-year suspension). The special master has

recommended that Harvey be found in contempt of this Court's earlier order and be suspended for an additional two years. We agree with that recommendation.

In March 2002, after his suspension, Harvey filed a Certificate of Completion of Requirements Under Bar Rule 4-219 (c) certifying, in part, that he had taken "such action necessary to cause the removal of any indicia of [himself] as a lawyer, legal assistant, legal clerk or person with similar status." Despite that certification (and warnings from the State Bar), Harvey continued to use his offices; continued to maintain his telephone number and his trust and operating accounts in the name of "The Harvey Law Firm"; continued to use his firm letterhead and to sign checks on his law firm accounts; affirmatively opened new bank accounts in the name of his law firm; failed to notify his clients that he had been suspended from the practice (instead telling them that he was "unavailable" to continue representing them); and failed to notify the courts in which he had pending cases that he had been suspended. Moreover, after his suspension, Harvey initiated a petition for probate in Bibb County, signed the name of another attorney without the other attorney's consent or knowledge, and paid the filing fee with a check from Harvey's law firm escrow account (which check was returned for insufficient funds). As in the earlier proceedings against him, Harvey has refused to acknowledge any wrongdoing on his part in connection with these actions.

Based on this record, we conclude that Harvey is in contempt of this Court's suspension order and determine that further sanctions must be imposed as discipline for his improper conduct. Accordingly, we hereby order that Harvey's two-year suspension imposed on February 21, 2002, be extended for an additional two years, for a total of four consecutive years. We impose the same conditions for reinstatement as set forth in *Harvey*, supra.

*Suspension extended. All the Justices concur, except Hunstein, J., who dissents.*

HUNSTEIN, Justice, dissenting.

Given that Harold Michael Harvey has deliberately disobeyed this Court's previous order suspending him from the practice of law, I see little point in punishing his contumacious behavior by adding to the length of an already-ignored suspension. Instead, I would disbar Harold Michael Harvey as the appropriate sanction for his contempt of this Court's order.

DECIDED FEBRUARY 16, 2004.

*William P. Smith III, General Counsel State Bar, Elizabeth M.*

*Williamson, Assistant General Counsel State Bar*, for State Bar of Georgia.

*James E. Spence, Jr.*, for Harvey.