## S06Y0176. IN THE MATTER OF HAROLD MICHAEL HARVEY.
(621 SE2d 409)

PER CURIAM.

This matter is before the Court on the Review Panel's report and recommendation that Respondent Harold Michael Harvey be disbarred from the practice of law for his violations of Rules 1.3, 1.4, 1.15 (I), 1.15 (II), 5.5, 7.5, and 8.4 of Bar Rule 4-102 (d).

In 2002 this Court suspended Harvey from practice for two years, see *In the Matter of Harvey*, 275 Ga. 28 (560 SE2d 646) (2002), and Harvey certified to the Court that he had complied with the requirements of Bar Rule 4-219 (c) of notifying his clients, removing any indicia that he was a practicing lawyer and immediately ceasing the practice of law. Nevertheless, 18 months later Harvey was continuing to maintain his law office as The Harvey Law Firm and his staff wrote letters on the firm's letterhead with Harvey's approval despite a warning from the Office of the General Counsel at the State Bar. In 2003 Harvey filed a petition to probate a will for a client and signed the pleadings, without approval, with the name of a friend and practicing lawyer on behalf of The Harvey Law Firm. He also wrote a check on the firm's account for the filing fee, but the check was returned for insufficient funds. Harvey continued to maintain an operating and lawyer trust account for his firm and opened new accounts after his suspension where he continued to deposit client funds. As a result of his disregard for the suspension, this Court found Harvey in contempt of its 2002 order and in February 2004 imposed an additional two-year suspension for a total of four consecutive years, see *In the Matter of Harvey*, 277 Ga. 609 (592 SE2d 852) (2004).

Additionally, in 2000 Harvey agreed to represent a friend in a personal injury case. Harvey was aware of all of his client's contact information. In 2001, the insurance company requested further information before settling the case, but Harvey did not respond or do any additional work on the case; he did not settle it or file a law suit. When Harvey was suspended in 2002, he mailed his client a letter via regular mail (which she did not receive) to advise her he could no longer represent her in that matter, but he did not advise her that the statute of limitation in her case expired three days later. The limitation period expired without filing an action, which Harvey estimated to be worth between $30,000 to $40,000.

The State Bar filed Formal Complaints against Harvey based on the above incidents, and the special master found that Harvey violated the rules as charged, recommending that he be disbarred. He filed exceptions to the special master's report but the Review Panel unanimously agreed that Harvey's conduct warranted disbarment. We also agree. We note that Harvey offered no reasonable explanation for why he maintained his accounts after his suspension and he

did not explain the source of the funds in the accounts. We find no merit to Harvey's argument that he contacted his client in time for her to obtain another lawyer and file her lawsuit as he did not inform her that she had only a few days until the limitation period expired, particularly as Harvey had other contact information for the client in addition to regular mail (telephone and e-mail) and Harvey had neglected the case for months before his suspension. We also reject Harvey's res judicata argument that some of the claims and evidence used in this case had been used in the contempt case because he never introduced those portions of the record from the prior proceeding necessary to prove the defense, other than the order, which was not sufficient, see *Boozer v. Higdon*, 252 Ga. 276, 277 (313 SE2d 100) (1984). Moreover, we find disingenuous at best Harvey's reasoning that his law firm, of which he is the only member and employee, was a separate entity authorized to practice law.

In considering the proper sanction in this case, we find no mitigating factors, and find in aggravation Harvey's demonstrated lack of regard for the disciplinary process and orders of this Court; his steadfast lack of remorse and refusal to acknowledge the wrongful nature of his conduct, see *In the Matter of Lemmons*, 273 Ga. 780 (545 SE2d 885) (2001); his willingness to use the name of his friend, the licensed attorney, to attempt to avoid the ramifications of his suspension and his false testimony that the attorney had consented to the use of his name; his gross neglect and virtual abandonment of the valuable claim of his friend and client with no meaningful attempt to notify her of her situation or preserve her rights, see *In the Matter of Beall*, 276 Ga. 214 (576 SE2d 882) (2003); and his history of prior disciplinary proceedings. In light of Harvey's pattern of neglect in his handling of legal matters and his obvious disregard for the rules and ethics under which lawyers are allowed and privileged to practice law in this State, we hereby order that the name of Harold Michael Harvey be removed from the rolls of individuals authorized to practice law in Georgia. He is once again reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED OCTOBER 24, 2005 —
RECONSIDERATION DENIED NOVEMBER 21, 2005.

*William P. Smith III, General Counsel State Bar, Elizabeth M. Williamson, Assistant General Counsel State Bar*, for State Bar of Georgia.