303 Ga. 154
FINAL COPY

S18Y0434.  IN THE MATTER OF CHERYL JOYCE BRAZIEL.

PER CURIAM.

This disciplinary matter is before the Court on the petition for voluntary discipline filed by Cheryl Joyce Braziel (State Bar No. 275115), after she rejected the State Bar's Notice of Discipline but before the filing of a formal complaint.  See Bar Rules 4-208.4 and 4-227 (b) (2).  The underlying grievance was filed by an attorney who represented Grady Hospital in lien collections, after he discovered that Braziel's office submitted a fabricated lien letter from him to an insurance company.  Although the State Bar supports the petition, we nevertheless reject it.

Braziel, who was admitted to the Bar in 2007, provides the following explanation for the fabricated letter.  Braziel was in the process of trying to settle a client's personal injury claim with the liability insurer and her client's uninsured motorist carrier.  Her client had been treated at Grady Hospital, incurring charges of $24,384.77, and Braziel believed that a lien had been filed

but could not document it. Braziel recalled that she had received a Grady Hospital lien letter from Grady's lawyer in another client's matter, and she wanted to contact that lawyer to ask his assistance in determining if a lien had been filed or would be filed with respect to her current client's hospital bill. While Braziel was traveling out-of-state to obtain treatment for a personal medical condition, she called her assistant to ask her to pull the Grady Hospital lien letter from the prior client's file, to duplicate it, and to place it in the new client's file, so that she could contact Grady's lawyer for assistance. The call was made while Braziel was in the car in rural Mississippi and through poor reception of the call, poor instructions, and poor training of the assistant, the assistant misunderstood her instructions. The assistant created a duplicate of the Grady Hospital lien letter with the information for the new client and the expected amount of the lien, with the result being a letter that appeared to be from Grady's lawyer to Braziel about a lien held by Grady in connection with Braziel's representation of her current client. When Braziel saw the letter that had been created, she admonished her assistant and gave her additional instructions in her duties as a legal assistant.

Rather than destroying the letter, however, Braziel faxed it to Ms. Morris,

2

an administrative service provider, and asked her to confirm the existence of the lien. Braziel explained the nature of the document to Morris and sent her the letter for internal, informational purposes only, as it contained the information Morris would need to track down the lien information. Braziel had engaged Morris, who has a law degree (but is not a member of the Georgia Bar), approximately six months earlier to assist with her law practice because she was overloaded due to ongoing health issues. Unbeknownst to Braziel, Morris sent the letter to the new client's UM carrier. When Braziel learned about the existence of the letter from Grady's lawyer, she severed her ties with Morris. The UM carrier did not pay any sums as a result of the letter. Braziel accepts responsibility for her actions and expresses deep remorse. She has also offered numerous mitigating factors. Braziel's petition for voluntary discipline seeks a Review Panel reprimand.

In response, the State Bar does not specifically contest Braziel's version of the facts, but it states that other witnesses might recall some of the facts differently. We note that the grievance filed by the Grady lawyer presents materially different facts.

Braziel admits that by her conduct she violated Rules 5.3 (a), (b) and 7.5

(a) of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d)[1] and the State Bar concurs. If Braziel's account is accurate, we agree that these facts support a finding of a violation of Rule 5.3, which generally requires that a lawyer with supervisory authority over nonlawyer staff make reasonable efforts to ensure that the nonlawyer staff's conduct is compatible with the lawyer's ethical and professional obligations.

However, the admitted facts do not support a Rule 7.5 (a) violation. Rule 7.5 (a), which is titled "Firm Names and Letterheads," provides that a "lawyer shall not use a firm name, letterhead or other professional designation that violates Rule 7.1." And Rule 7.1, which is titled "Communications Concerning a Lawyer's Services," provides that a lawyer may advertise through all forms of media "so long as the communication is not false, fraudulent, deceptive or misleading." Rules 7.1 and 7.5 do not address the creation of a materially false document, whether intentionally or through negligent supervision of staff.[2] Rather, these Rules prohibit communications that are misleading with regard to

_____

[1] The maximum sanction for a violation of Rule 5.3 is disbarment, and the maximum sanction for violation of Rule 7.5 is a public reprimand.

[2] Rule 8.4, however, could address this situation and brings a maximum sanction of disbarment. See, e.g., Rule 8.4 (a) (4).

the affiliation or experience of the lawyer writing them. See <u>In the Matter of Harvey</u>, 279 Ga. 876 (621 SE2d 409) (2005) (Rule 7.5 violation supported by facts showing that suspended lawyer allowed staff to write letters on lawyer's letterhead). See also Rule 7.5, Comment 1 ("Firm names and letterheads are subject to the general requirement of all advertising that the communication must not be false, fraudulent, deceptive or misleading. Therefore, lawyers sharing office facilities, but who are not in fact partners, may not denominate themselves as, for example, 'Smith and Jones,' for that title suggests partnership in the practice of law."); Rule 7.1, Comment 1 ("This rule governs the content of all communications about a lawyer's services, including the various types of advertising permitted by Rules 7.3 through 7.5. Whatever means are used to make known a lawyer's services, statements about them should be truthful."); Annotated Model Rules of Professional Conduct, Rule 7.5 at 625-630 (Center for Professional Responsibility (ABA), Ellen J. Bennett, et al., eds., 8th ed. 2015) (citing Rule 7.5 cases in other jurisdictions that involve a lawyer's description of her firm or expertise in advertising or on letterhead).

Because of the uncertainty regarding the underlying facts, the inappropriateness of finding a Rule 7.5 violation in these circumstances, and the

5

possibility that a Rule 8.4 violation may have occurred, we reject the petition for voluntary discipline. See <u>In the Matter of West</u>, 299 Ga. 731 (791 SE2d 781) (2016) (rejecting petition for voluntary discipline where admitted facts did not show that lawyer violated rule he was admitting violating).

<u>Petition for voluntary discipline rejected. All the Justices concur.</u>

Decided February 19, 2018.

Petition for voluntary discipline.

<u>Finch McCranie, Richard W. Hendrix</u>, for Braziel.

<u>Paula J. Frederick, General Counsel State Bar, Jenny K. Mittelman, William J. Cobb, Assistant General Counsel State Bar</u>, for State Bar of Georgia.