NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the Supreme Court of Georgia

Decided: November 5, 2024

S25Y0009.  IN THE MATTER OF JEFFREY JACKSON.

PER CURIAM.

This disciplinary matter is before the Court on the petition for voluntary discipline filed by Jeffrey Jackson (State Bar No. 779477) prior to the filing of a Formal Complaint. See Bar Rule 4-227 (b). In his petition, Jackson asserts that an ongoing mental health crisis forced him to close his private law practice—first temporarily and then permanently—and that, in the process of doing so, he failed to adequately communicate with and to properly withdraw from his representation of some of his clients. Asserting that he has now successfully navigated the crisis, he seeks to resolve eight client grievances filed against him by admitting only that he violated

Georgia Rules of Professional Conduct ("GRPC") 1.4[1] and 1.16 (c)[2]

and (d)[3], found in Bar Rule 4-102 (d). Noting that the maximum

sanction for a violation of either rule is a public reprimand, Jackson

requests that the Court impose a State Disciplinary Review Board

reprimand but agrees to accept up to a public reprimand. In

response, the Bar urges the Court to reject Jackson's petition,

---

[1] GRPC 1.4 (a) provides that "[a] lawyer shall:

(1) promptly inform the client of any decision or circumstance with respect to which the client's informed consent, as defined in Rule 1.0 (l), is required by these rules;

(2) reasonably consult with the client about the means by which the client's objectives are to be accomplished;

(3) keep the client reasonably informed about the status of the matter;

(4) promptly comply with reasonable requests for information; and

(5) consult with the client about any relevant limitation on the lawyer's conduct when the lawyer knows that the client expects assistance not permitted by the Georgia Rules of Professional Conduct or other law."

Meanwhile, GRPC 1.4 (b) provides that "[a] lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation."

[2] GRPC 1.16 (c) provides, in relevant part, that "[w]hen a lawyer withdraws it shall be done in compliance with applicable laws and rules."

[3] GRPC 1.16 (d) provides that "[u]pon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned."

contending that it ignores many allegations of fact and fails to fully address the extent of Jackson's ethical violations.

Unfortunately, Jackson's petition leaves open some significant questions about when and how he allegedly advised his clients of his decision to terminate his practice; whether, and, if so, to what extent, Jackson may have violated more serious rules in addition to GRPC 1.4 and 1.16 (c) and (d); and whether a reprimand is appropriate discipline given the allegations of misconduct. We are hesitant to overlook the fact that Jackson's conduct may have caused fairly serious harm to one or more of his clients and may also have negatively affected the public's perception of the legal profession in general, among other ramifications. For these reasons, this Court is not inclined to impose a State Disciplinary Review Board reprimand or public reprimand to resolve the eight client grievances alleging abandonment without more factual development from additional proceedings. See *In the Matter of Matteson*, 314 Ga. 576, 580-581 (878 SE2d 196) (2022) (rejecting a petition for voluntary discipline filed before the issuance of a formal complaint where the attorney

3

provided no proof of facts alleged in the petition, including mental health issues and restitution, and no indication of what steps he had taken to ensure no further rule violations upon return to the practice of law); *In the Matter of Braziel*, 303 Ga. 154, 156 (810 SE2d 476) (2018) (rejecting a petition for voluntary discipline filed before the issuance of a formal complaint "[b]ecause of the uncertainty regarding the underlying facts . . . and the possibility that a Rule 8.4 violation may have occurred"). Therefore, the petition for voluntary discipline is rejected.

*Petition for voluntary discipline rejected. All the Justices concur.*