S12Y0754. IN THE MATTER OF JAMES SWAIN.
(725 SE2d 244)

PER CURIAM.

This disciplinary matter is before the Court on the petition for voluntary discipline filed by Respondent James Swain (State Bar No. 693830) pursuant to Bar Rule 4-227 (b) before the issuance of a formal complaint. Swain requests a public reprimand for his admitted violations of Rules 1.2 (d) and 8.4 (a) (4).

From the admissions made in his petition, it appears that Swain, who has been a member of the Tennessee Bar since 1984 and a member of the Georgia Bar since 1994, was hired to create an irrevocable trust for a client's father, who was hospitalized out of state. Swain created the documents and gave them to his client for the purpose of obtaining the father's signature on the documents. When the client returned the documents they had the father's signature, but the signature was not witnessed or notarized. Knowing that time was of the essence and that the client could not return to the out-of-state hospital to have the documents re-signed, Swain called the client's father in the presence of two witnesses and asked

him if he signed the documents. When the client's father acknowledged that he had signed the documents, Swain notarized the signature outside his presence. He admits that this act violates both Rules 1.2 (d) and 8.4 (a) (4), but asserts that while certainly a misrepresentation, his act was not fraudulent. Swain recognizes that the maximum sanction for a violation of either Rule 1.2 (d) or 8.4 (a) (4) is disbarment, but asserts in mitigation that he has no prior disciplinary history in his 26-year career as an attorney; that he had no intent of harming anyone and no one was harmed; and that the sole purpose of notarizing the signature was to help his client's father work around what he considers an arbitrary administrative procedure required by some, but not all, financial institutions. Swain acknowledges that this same behavior in different circumstances could harm someone but emphasizes that in this instance his actions were not meant to, nor did they, deceive, defraud, or take advantage of anyone. He asserts that he will never allow anything like this to happen again. The State Bar filed a response to Swain's petition stating that it had no objections to it.

Having reviewed the record, we conclude that a public reprimand is an appropriate sanction in this case, and we therefore accept the petition for voluntary discipline. Accordingly, the Court hereby orders that James Swain receive a public reprimand in accordance with Bar Rules 4-102 (b) (3) and 4-220 (c) for his admitted violation of Rules 1.2 (d) and 8.4 (a) (4).

*Petition for voluntary discipline accepted. Public reprimand. All the Justices concur.*

DECIDED MARCH 5, 2012.

*Paula J. Frederick, General Counsel State Bar, Kellyn O. McGee, Assistant General Counsel State Bar*, for State Bar of Georgia.