S12Y0425. IN THE MATTER OF JOHN FLOYD WOODHAM.

(728 SE2d 659)

PER CURIAM.

This disciplinary matter is before the Court on the Petition for Voluntary Discipline filed by Respondent John Floyd Woodham in which he admits to violating Rules 3.5 (c) (lawyer shall not, without regard to whether such lawyer represents a client in the matter, engage in conduct intended to disrupt a tribunal) and 4.2 (a) (lawyer who is representing a client in a matter shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by constitutional law or statute) of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d). Woodham seeks imposition of a Review Panel reprimand. The maximum penalty for a violation of Rule 3.5 (c) is a

---

public reprimand, and for Rule 4.2 the maximum penalty is disbarment. The State Bar filed a response expressing no objection to the petition.

The underlying facts show that Woodham filed complaints in intervention in two bond validation cases on behalf of himself and an entity he controls, Citizens for Ethics in Government, LLC. He phoned the offices of the company that managed the development companies and asked to speak with in-house counsel. After being told the company had no in-house counsel, Woodham asked for the name of outside litigation counsel. Scott Leventhal, the CEO of the management company, called Woodham to ask why he wanted to speak with counsel. Woodham replied that he wanted to talk to lawyers other than bond counsel about a resolution of the complaints in intervention. Leventhal called Patricia Roy, the developers' litigation counsel, and she arranged for a conference call between herself, Woodham and Leventhal. During the call (which, unbeknownst to Roy or Woodham, Leventhal recorded), Woodham told them that he would not pursue the complaints in exchange for payment of 1% of the bond issuance amount (which would have amounted to $1.3 million). After a hearing on the bonds and whether Woodham should be sanctioned as a result of his conduct during the phone call, Judge Michael D. Johnson issued an order dismissing the complaints, approving the bond transactions and awarding attorneys' fees to the developers and the Atlanta Development Authority. He ordered Woodham and his entity to pay fees and expenses totaling over $435,000. In the order, Judge Johnson called Woodham's conduct "egregious, improper and appalling to the Court and to the practice of law." Woodham responded to the Notice of Investigation. The Panel found probable cause to believe that Woodham had violated not only Rules 3.5 and 4.2, but also Rules 3.1 (lawyer shall not file a suit, assert a position, conduct a defense, delay a trial, or take other action on behalf of the client when the lawyer knows or when it is obvious that such action would serve merely to harass or maliciously injure another) and 8.4 (a) (4) (lawyer shall not engage in professional conduct involving dishonesty, fraud, deceit or misrepresentation).

While the State Bar responded that it had no objection to Woodham's Petition for Voluntary Discipline, we find such punishment to be inappropriate in this case. In reaching its conclusion, the State Bar noted that there were few similar cases and appears to have focused merely on Woodham's act of "engag[ing] in communication with an individual in the legal system . . . know[ing] that such communication is improper." In doing so, the State Bar focused its review too narrowly, giving too little weight to the seriousness of the many allegations that remain. As a result, we reject Woodham's

Petition for Voluntary Discipline, and we direct the State Bar to consider the full array of ethical violations at play in this matter.

*Petition for voluntary discipline rejected. All the Justices concur.*

DECIDED JUNE 18, 2012.

*Warren R. Hinds*, for Woodham.

*Paula J. Frederick, General Counsel State Bar, Jenny K. Mittelman, Assistant General Counsel State Bar*, for State Bar of Georgia.

*Schiff Hardin, Leah Ward Sears, Scott L. Leventhal, Michael D. Johnson, Veronica C. Burroughs, Patrise M. Perkins-Hooker*, amici curiae.

