## S16Y1184. IN THE MATTER OF EMMANUEL LUCAS WEST.
### (791 SE2d 781)

PER CURIAM.

Respondent Emmanuel Lucas West (State Bar No. 748658) filed this petition for voluntary discipline before the issuance of a formal complaint, see Bar Rule 4-227 (b). He seeks the imposition of a Review Panel reprimand for his admitted violation of Rule 1.2 (d) of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d). Although the Bar raises no objections to West's petition, we nevertheless reject it.

West, who has been a member of the Bar since 2002, admits that in the summer of 2014 a mother paid him $3,500 to represent her minor son in an immigration matter. The son, who was a citizen of Guatemala, had been detained in Texas and was facing removal proceedings. After discussing the matter through an interpreter, West agreed to represent the son in seeking asylum in the United States and timely completed the application for asylum. West did not read the application to the client in his native language, however, and he signed the client's name where required in the application and supporting documents, despite the fact that one of those signatures was under penalty of perjury and required an attestation that the client signed in West's presence. West claims he signed his client's name knowing that an applicant is generally allowed to amend or supplement his application freely up until the time of the hearing. West asserts that his conduct violates Rule 1.2 (d).

Although West acknowledges that the maximum sanction for a single violation of Rule 1.2 (d) is disbarment, he asserts in mitigation that he has no prior disciplinary history; that he had no selfish or dishonest motive; that he made full and free disclosure and displayed a cooperative attitude in these proceedings; that he otherwise has exhibited good moral character and integrity and has a positive reputation in the community;[1] that he is apologetic and remorseful; that he refunded the entire $3,500 fee paid to him; and that his

---

[1] West attaches letters from several Georgia attorneys attesting to his good character.

conduct ultimately did not harm his client, who was granted asylum through the efforts of another lawyer. West requests a Review Panel reprimand as discipline for his conduct and cites *In the Matter of Swain*, 290 Ga. 678 (725 SE2d 244) (2012) (public reprimand for admitted violations of Rules 1.2 (d) and 8.4 (a) (4) for having notarized the signature on documents executed outside his presence) as support for his request.

The State Bar has responded and accepts West's statement of facts and mitigating circumstances. Although it asserts that the victim's vulnerability and West's substantial experience in the practice of law should be considered in aggravation, it nevertheless asserts that the interests of the public and the State Bar would be served by accepting West's petition.

Rule 1.2 (d) prohibits a lawyer from counseling a client to engage in criminal or fraudulent conduct and/or from assisting a client in engaging in such conduct, but the facts admitted by West do not show that he counseled or assisted his client in engaging in criminal or fraudulent behavior. Instead, those facts suggest that West engaged in criminal or fraudulent behavior on behalf of his client without ever discussing the matter with his client. Thus, the facts admitted by West simply do not support the conclusion that he violated Rule 1.2 (d),[2] and therefore, we reject his petition for voluntary discipline.[3]

*Petition for voluntary discipline rejected. All the Justices concur.*

DECIDED OCTOBER 3, 2016.

*Warren R. Hinds*, for West.

*Paula J. Frederick, General Counsel State Bar, William J. Cobb, Assistant General Counsel State Bar*, for State Bar of Georgia.

S16Y1235, S16Y1236, S16Y1237, S16Y1238, S16Y1239. IN THE
MATTER OF L. NICOLE BRANTLEY (five cases).
(791 SE2d 783)

---

[2] We note, however, that the admitted facts would appear to support the conclusion that West violated other of the Georgia Rules of Professional Conduct, see, e.g., Rules 1.2 (a) and 8.4 (a) (4).

[3] We express no opinion on whether the discipline requested is appropriate for the behavior admitted by West or for a violation of Rule 1.2 (d).