300 Ga. 777
FINAL COPY

S17Y0657.  IN THE MATTER OF EMMANUEL LUCAS WEST.

PER CURIAM.

This matter is before the Court on the supplemental petition for voluntary discipline filed by Emmanuel Lucas West (State Bar No. 748658) prior to the issuance of a formal complaint, see Bar Rule 4-227 (b) (2), after we rejected his initial petition, see In the Matter of West, 299 Ga. 731 (791 SE2d 781) (2016). We reject this petition as well.

We rejected West's initial petition, in which he sought a Review Panel reprimand for violating Rule 1.2 (d) of the Georgia Rules of Professional Conduct, because the facts admitted by West did not show that he violated this rule. We stated that the facts suggested that West violated other Rules, such as 1.2 (a) and 8.4 (a), and declined to express an opinion on the appropriateness of a Review Panel reprimand for the conduct admitted by West.

In his supplemental petition, West, who became a member of the Bar in 2002, admits the same underlying facts as in his first petition: In the summer of

2014, an individual paid him $3,500 to represent her minor son in an immigration matter. The son, who was a citizen of Guatemala, had been detained in Texas and was facing removal proceedings. After discussing the matter through an interpreter, West agreed to represent the son in seeking asylum in the United States and timely completed the application for asylum. West did not read the application to the client in the client's native language, however, and he signed the client's name where required in the application and supporting documents, despite the fact that one of those signatures was under penalty of perjury and required an attestation that the client had signed the document in West's presence. West claims that he signed the client's name knowing that an applicant generally is allowed to amend or supplement his or her application freely up until the time of the hearing, and maintains that he fully intended to supplement with the client's real signature at a later date.

West acknowledges that the Investigative Panel found possible violations of Rules 1.2, 1.4, and 8.4 (a) (4). West, however, admits only to having violated Rules 1.2 (a) and 1.4 by failing to communicate properly and consult with his client as to the means by which the client's objectives were being pursued. The maximum sanction for a violation of Rule 1.2 is disbarment. The maximum

sanction for a violation of Rule 1.4 is a public reprimand. West seeks the imposition of a Review Panel reprimand for his admitted violations, citing the same mitigating circumstances listed in his first petition and noting that he agreed to accept a Review Panel reprimand as a result of negotiations with the Office of the General Counsel of the State Bar following its investigation of this matter. West denies violating Rule 8.4 (a) (4), which prohibits "professional conduct involving dishonesty, fraud, deceit or misrepresentation," arguing that he did not have the requisite mental culpability. West argues that a contrary finding should not alter the level of discipline under the circumstances, particularly in the light of the mitigating factors.

The State Bar has responded and accepts West's statement of facts and mitigating circumstances. As to Rule 8.4 (a) (4), the State Bar does not contest West's arguments on the issue. The State Bar asserts summarily that West's admissions do not provide a compelling reason to believe his misconduct rose to the level of violation of that rule, but does not explain why. The State Bar also asserts that whether he violated Rule 8.4 (a) (4) is immaterial to the recommended sanction. We cannot agree.

We have stated that a violation of Rule 8.4 (a) (4) is "among the most

serious violations with which a lawyer can be charged." In the Matter of Woodham, 296 Ga. 618, 618 (769 SE2d 353) (2015). On at least one occasion, we have rejected a petition for voluntary discipline that has failed to address adequately alleged violations of Rule 8.4 (a) (4). See In the Matter of Woodham, 291 Ga. 255, 256-257 (728 SE2d 659) (2012) (rejecting petition for voluntary discipline for failing to address the alleged violations of Rules 3.1 and 8.4 (a) (4)). The State Bar did not adequately address the issue and so we cannot accept West's supplemental petition.

West cites several cases in support of his argument that a Review Panel reprimand is appropriate even if he was found to have violated Rule 8.4 (a) (4), but in many of the cases cited, the attorney in question readily admitted violating the rule — a factor that may have been a mitigating circumstance — whereas West maintains he has not violated the rule. See, e.g., In the Matter of Bell, 299 Ga. 143 (787 SE2d 166) (2016) (attorney admitted to violating Rules 1.3, 1.4, and 8.4 (a) (4) by failing to communicate truthfully with her client regarding discovery and appointment of a guardian ad litem, failing to respond timely to discovery, failing to seek the appointment of a guardian ad litem, and failing to prepare thoroughly for certain hearings); In the Matter of Swain, 290 Ga. 678,

679 (725 SE2d 244) (2012) (attorney admitted that he violated Rules 1.2 (d) and 8.4 (a) (4) by notarizing signature on documents executed outside his presence); In the Matter of Mathis, 286 Ga. 728, 729 (691 SE2d 202) (2010) (attorney admitted he violated Rule 8.4 (a) (4) by filing client's verification on petition even though petition had not been presented to client). In another case cited by West, the State Bar adequately addressed the allegations surrounding Rule 8.4 (a) violations. See In the Matter of Davis, 291 Ga. 169, 170 (728 SE2d 548) (2012) (special master agreed with State Bar that attorney violated Rule 8.4 (a) (4) by falsifying and notarizing signatures of his clients). The allegation that West possibly violated Rule 8.4 (a) (4), however, has not been addressed by the Bar. Therefore, we must reject West's petition.

Petition for voluntary discipline rejected. All the Justices concur.

Decided March 20, 2017.

Petition for voluntary discipline.

Warren R. Hinds, for West.

Paula J. Frederick, General Counsel State Bar, William J. Cobb, Assistant General Counsel State Bar, for State Bar of Georgia.

5