301 Ga. 901
FINAL COPY

S17Y1684. IN THE MATTER OF EMMANUEL LUCAS WEST.

PER CURIAM.

This disciplinary matter is before the Court on the renewed petition for voluntary discipline filed by Emmanuel Lucas West (State Bar No. 748658) prior to the issuance of a formal complaint, see Bar Rule 4-227 (b) (2). This Court has rejected two prior petitions filed by West seeking to resolve this matter. See In the Matter of West, 299 Ga. 731 (791 SE2d 781) (2016); In the Matter of West, 300 Ga. 777 (798 SE2d 219) (2017). In this petition, West, who became a member of the Bar in 2002, admits the same underlying facts as in his prior petitions. In the summer of 2014, an individual paid him $3,500 to represent her minor son in an immigration matter. The son, who was a citizen of Guatemala, had been detained in Texas and was facing removal proceedings. After discussing the matter through an interpreter, West agreed to represent the son in seeking asylum in the United States and timely completed the application for asylum. West did not read the application to the client in the client's native

language, however, and he signed the client's name where required in the application and supporting documents, despite the fact that one of those signatures was under penalty of perjury and required an attestation that the client had signed the document in West's presence. West claims that he signed the client's name knowing that an applicant generally is allowed to amend or supplement his or her application freely up until the time of the hearing, and maintains that he fully intended to supplement with the client's real signature at a later date.

In West's initial petition, he sought a Review Panel reprimand for violating Rule 1.2 (d)[1] of the Georgia Rules of Professional Conduct and suggested in mitigation of discipline that he has no prior disciplinary history; he had no selfish or dishonest motive; he made full and free disclosure and displayed a cooperative attitude in these proceedings; he otherwise has exhibited good moral character and integrity and has a positive reputation in the

---

[1] Rule 1.2 (d) says:
A lawyer shall not counsel a client to engage in conduct that the lawyer knows is criminal or fraudulent, nor knowingly assist a client in such conduct, but a lawyer may discuss the legal consequences of any proposed course of conduct with a client and may counsel or assist a client to make a good faith effort to determine the validity, scope, meaning or application of the law.

community, attaching to his petition several letters to that effect; he is apologetic

and remorseful; he refunded the entire $3,500 fee paid to him; and his conduct

ultimately did not harm his client, who was granted asylum through the efforts

of another lawyer. This Court rejected West's initial petition because the facts

he admitted did not show that he violated Rule 1.2 (d). Instead, the facts

suggested that he violated other Rules, such as 1.2 (a) and 8.4 (a).[2] The Court

declined to express an opinion as to the appropriateness of a Review Panel

reprimand for the conduct admitted by West.

In his second petition, West acknowledged that the Investigative Panel

found possible violations of Rules 1.2 (a), 1.4,[3] and 8.4 (a) (4), but he admitted

---

[2] Rule 1.2 (a) says, in relevant part:
Subject to paragraphs (c) and (d), a lawyer shall abide by a client's decisions concerning the scope and objectives of representation and, as required by Rule 1.4, shall consult with the client as to the means by which they are to be pursued. A lawyer may take such action on behalf of the client as is impliedly authorized to carry out the representation. . . .
Rule 8.4 (a) (4) says it is a violation of the Georgia Rules of Professional Conduct for a lawyer to "engage in professional conduct involving dishonesty, fraud, deceit or misrepresentation."

[3] Rule 1.4 says:
a.     A lawyer shall:
    1.     promptly inform the client of any decision or circumstance with respect to which the client's informed consent, as defined in Rule 1.0 (h), is required by these Rules;
    2.     reasonably consult with the client about the means by which the client's objectives are to be accomplished;
    3.     keep the client reasonably informed about the status of the matter;
    4.     promptly comply with reasonable requests for information; and

only to having violated Rules 1.2 (a) and 1.4 by failing to communicate properly and consult with his client as to the means by which the client's objectives were being pursued. The maximum sanction for a violation of Rules 1.2 (a) and 8.4 (a) (4) is disbarment, and the maximum sanction for a violation of Rule 1.4 is a public reprimand. West sought the imposition of a Review Panel reprimand for his admitted violations, citing the same mitigating circumstances listed in his first petition and noting that he agreed to accept a Review Panel reprimand as a result of negotiations with the State Bar's Office of the General Counsel following its investigation of this matter. West denied violating Rule 8.4 (a) (4), arguing that he did not have the requisite mental culpability. He also argued that a contrary finding should not alter the level of discipline under the circumstances, particularly in the light of the mitigating factors. This Court rejected West's second petition because the petition and the State Bar's response failed to adequately address the Rule 8.4 (a) (4) violation, a matter of particular importance given the seriousness of a violation of that rule.

5. consult with the client about any relevant limitation on the lawyer's conduct when the lawyer knows that the client expects assistance not permitted by the Rules of Professional Conduct or other law.

b. A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

4

West's present petition is similar to his second petition, making the same admissions of fact, citing to the same factors in mitigation, and reciting the same considerations and case law in support of his suggested discipline of a Review Panel reprimand. West made one significant addition to the present petition, however. He explained that two sections of the asylum application were left unsigned, for the client to sign when his case proceeded to an appearance, at which time the applicant would be required to sign an affirmation that explicitly addresses whether any prior misstatements in the application were in need of correction.

The State Bar responded to West's petition, recommending that this Court grant West's petition and impose a Review Panel reprimand. The Bar concurs with West's assertion that the "dishonesty, fraud, deceit or misrepresentation" standard from Rule 8.4 (a) (4) contains an implicit intent element, which was not present in West's conduct. See In the Matter of Woodham, 296 Ga. 618, 625 (769 SE2d 353) (2015) ("Rule 8.4 (a) (4) prohibits 'professional conduct involving dishonestly, fraud, deceit or misrepresentation,' *that is, conduct that is intended or likely to mislead another.*") (emphasis supplied). The Bar notes that West asserts that he did not intend or expect to deceive anyone, given that

5

the general practice is to allow subsequent amendments or supplements to such applications, at which point the client's signature could have been added, an explanation bolstered by the language found in the affirmation addressing whether any prior misstatements in the application were in need of correction.

The Bar explains that these considerations indicate that it is not a foregone conclusion that a violation of Rule 8.4 (a) (4) could be demonstrated by clear and convincing evidence. The Bar also notes that this Court looks to the ABA Standards for Imposing Lawyer Sanctions for guidance in determining the appropriate sanction, see In the Matter of Morse, 266 Ga. 652 (470 SE2d 232) (1996), and based on the factors enumerated in ABA Standard 4.42, a suspension is not appropriate, as there was no pattern of neglect and no indication in the admitted facts that West knowingly failed to perform services for the client. The Bar notes that each of West's proposed mitigating factors is appropriate except for the fact that the client was able to obtain asylum through the services of another attorney, which the Bar concedes does not fall within the factors stated in ABA Standard 9.32, but which the Bar asserts has some relevance to the inquiry under ABA Standard 4.4, as West's misconduct did not cause the client to suffer actual harm to his application. In aggravation of

6

discipline, the Bar notes the vulnerability of the victim and West's substantial experience in the practice of law. The Bar adds that a reprimand is appropriate where an attorney's misconduct includes signing a client's name to a document, even where a violation of Rule 8.4 (a) (4) is found, and says that it is not aware of any case in which this Court has imposed a suspension where the sole misconduct was improperly signing a client's name. Finally, as to West's unwillingness to admit a violation of Rule 8.4 (a) (4), the Bar says that the facts are not consistent with a dishonest and objectively unreasonable belief that he did not violate that Rule, In the Matter of Suttle, 288 Ga. 14, 16 (701 SE2d 154) (2010), and that even an assertion of innocence ultimately adjudicated to the contrary is not necessarily an aggravating factor. See In the Matter of Davis, 291 Ga. 169 (728 SE2d 548) (2012); In the Matter of Eddings, 300 Ga. 419 (795 SE2d 183) (2016).

Having reviewed the record, we agree that imposition of a Review Panel reprimand is the appropriate sanction in this matter, and we therefore accept the renewed petition for voluntary discipline. Although this Court rejected the two prior petitions filed by West, we did so on the basis of concerns about the fit between the facts admitted in the petitions and the disciplinary rules pursuant

7

to which punishment might be imposed, concerns which have been allayed by the present petition and response. In particular, this Court was concerned with the failure of the last petition and response to address whether West's conduct constituted a violation of Rule 8.4 (a) (4). West and the Bar have now addressed this concern, and we agree that West's conduct in this matter was not necessarily sufficient to support a finding that he violated Rule 8.4 (a) (4). See <u>Woodham</u>, 296 Ga. at 625. We find that a Review Panel reprimand is the appropriate sanction for his admitted violations of Rules 1.2 (a) and 1.4. Accordingly, the Court hereby orders that West receive a Review Panel reprimand in accordance with Bar Rules 4-102 (b) (4) and 4-220 (b).

<u>Petition for voluntary discipline accepted. Review Panel reprimand. All the Justices concur.</u>

Decided August 28, 2017.

Review Panel reprimand.

<u>Warren R. Hinds</u>, for West.

<u>Paula J. Frederick, General Counsel State Bar, William J. Cobb, Assistant General Counsel State Bar</u>, for State Bar of Georgia.