303 Ga. 564
FINAL COPY

S17Y1993. IN THE MATTER OF EDWARD NEAL DAVIS.

PER CURIAM.

This disciplinary matter is before the Court on the report of Special Master Michael E. Sumner, who recommends that the Court accept the petition for voluntary discipline filed by Respondent Edward Neal Davis (State Bar No. 208220), pursuant to Bar Rule 4-227 (c), following the issuance of a Formal Complaint charging him with a variety of violations of the Georgia Rules of Professional Conduct, including, but not limited to, violations of Rules 1.15 (I) (a), 1.15 (II) (b), and 8.4 (a) (4), see Bar Rule 4-102 (d). After discovery and settlement negotiations, Davis, with the approval of the State Bar, agreed that he would submit the underlying petition, admitting only that he violated Rules 1.15 (I) (a) and 1.15 (II) (b), and seeking a Review Panel reprimand, although the maximum penalty for a violation of Rules 1.15 (I) (a) and (II) (b) is disbarment.

In his petition, Davis admitted conduct which would appear to violate

Rules 1.15 (I) and 1.15 (II)[1] and recited factors he believed should mitigate the level of discipline to be imposed. He also addressed the conduct underlying the alleged violation of Rule 8.4 (a) (4),[2] but refused to admit that he had violated that Rule. The Bar did not oppose Davis's petition for voluntary discipline, which resulted from negotiations that concluded prior to the issuance of this Court's decisions in In the Matter of West, 300 Ga. 777 (798 SE2d 219) (2017) (rejecting petition for voluntary discipline in part because admitted facts showed what seemed to be a violation of Rule 8.4 (a) (4) but attorney denied any such violation, and the Bar took no position on the matter), and In the Matter of Iwu, 301 Ga. 52 (799 SE2d 155) (2017) (rejecting a petition for voluntary discipline where attorney admitted facts that supported the conclusion that he violated Rule 8.4 (a) (4), but he declined to admit such a violation). In light of those two opinions, the Bar repeatedly urged Davis to include in his petition an admission

---

[1] The facts supporting the alleged violations of Rules 1.15 (I) and (II) are not discussed herein given the Court's rejection of Davis's petition for voluntary discipline.

[2] Specifically, Davis admitted that he notarized the signatures of his clients, a married couple, on a deed purporting to transfer certain real estate from his clients to a corporate buyer and states that he did so believing that the wife actually had signed the deed. Although it was later discovered that the husband had signed his wife's name on the deed, Davis claims that his notarization caused no harm as the closing proceeds were paid jointly to the couple and deposited into their joint account and as the wife later ratified the sale of the property, which ratification is of record in the Taylor County Deed Records.

that he violated Rule 8.4 (a) (4) by notarizing a signature on a deed which had not been executed in his presence, but Davis refused to do so, claiming instead that he did not violate the Rule because he had no intent to violate the Rule when he notarized the deed and because no harm flowed from his actions.

But Rule 8.4 (a) (4) plainly states that "[i]t shall be a violation of the Georgia Rules of Professional Conduct for a lawyer to . . . engage in professional conduct involving dishonesty, fraud, deceit[,] or misrepresentation[.]" It contains no requirement that harm result from an attorney's conduct and, to the extent that Rule 8.4 (a) (4) contains an implicit intent element, that element is not focused on whether the attorney intended to violate the Rule. See In the Matter of West, 301 Ga. 901 (804 SE2d 340) (2017) (accepting West's renewed petition for voluntary discipline and recognizing the State Bar's position that Rule 8.4 (a) (4) contains an implicit requirement that the attorney's conduct be *intended or likely to mislead or deceive another*).[3] To

---

[3]Although this case may seem similar to In the Matter of West, 301 Ga. at 901, the two cases are distinguishable because that case involved an attorney who admittedly signed his immigration client's name, without express permission, in several places on an initial application for asylum, but who represented (1) that he did so knowing that an applicant for asylum is allowed to amend or supplement his application freely up until the time of the hearing; (2) that the general practice in this area of the law is to freely allow subsequent amendments or supplements to asylum applications; and (3) that his intention was always to

be sure, Davis's professed lack of intent to violate Rule 8.4 (a) (4) and the absence of harm resulting from his violation of that Rule may well provide mitigating circumstances with regard to the level of discipline to be imposed, see In the Matter of Swain, 290 Ga. 678, 679 (725 SE2d 244) (2012) (recognizing lack of intent to cause harm as a factor in mitigation of discipline for violation of Rule 8.4 (a) (4)); see also In the Matter of Morse, 266 Ga. 652

supplement the application in a timely manner with his client's real signature and other pertinent information. As evidence that his intent was not to deceive, West pointed to the fact that he left several sections of the asylum application unsigned, knowing that the client would sign them before his case proceeded to an appearance, at which time the applicant would be required to sign an affirmation that explicitly addresses whether any prior misstatements in the application were in need of correction. West asserted that Rule 8.4 contains an implicit intent element (i.e., that the attorney engaged in the conduct with the intent to or with knowledge that it could mislead or deceive another) and that his admitted conduct did not establish any intent to deceive anyone. And, in its response to West's renewed petition, the Bar conceded that, despite its investigation into West's conduct, it might not be able to prove by clear and convincing evidence that West acted with the intent to deceive anyone when he signed his client's name to the initial asylum application. Based on that record, this Court agreed to accept West's renewed petition for voluntary discipline without an admission of a Rule 8.4 (a) (4) violation. But none of those factors are present in the record currently available to the Court in this case. Instead, it appears that Davis notarized the wife's signature despite full knowledge that she had not signed the document in his presence and his position apparently is that his bare "belief" that she actually had signed the document relieved him of any responsibilities he undertook in notarizing the deed. The record does not reflect what if any steps Davis took to assure himself that the wife actually signed the deed or that she even agreed to the sale of property referenced therein. Nor does the record currently reflect that Davis notarized the deed due to some pressing circumstance or with the intention of correcting the effects of his omission at some point in the future. Further, Davis does not even appear to acknowledge the wrongful nature of his conduct. In short, this Court finds the two cases distinguishable.

4

(470 SE2d 232) (1996) (this Court looks to the ABA Standards for Imposing Lawyer Sanctions for guidance in determining the appropriate sanction); ABA Standards 4.6, 5.1, 6.1, and 7.0 (addressing factors to be considered in determining the appropriate level of discipline for various types of cases involving an attorney's dishonesty, fraud, deceit, or misrepresentation); and ABA Standard 9.3 (listing factors in mitigation of discipline). Nevertheless, the fact remains that Davis admitted knowingly notarizing a signature on a deed, thereby attesting — falsely as it turns out — that the deed had been signed in his presence by the person whose "signature" appeared thereon.  In light of Davis's admissions and the fact that the Bar has taken no position on whether the evidence is sufficient to establish by clear and convincing evidence that Davis's actions amount to a violation of Rule 8.4 (a) (4), compare In the Matter of West, 301 Ga. at 904 (acknowledging the Bar's admission that, in light of the specific circumstances of West's case, "it is not a foregone conclusion that a violation of Rule 8.4 (a) (4) could be demonstrated by clear and convincing evidence"), the Court rejects Davis's petition for voluntary discipline.

Petition for voluntary discipline rejected. All the Justices concur.

5

Decided May 7, 2018.

Petition for voluntary discipline.

Paula J. Frederick, General Counsel State Bar, Andreea N. Morrison, Assistant General Counsel State Bar, for State Bar of Georgia.