304 Ga. 442
FINAL COPY

S18Y0666.  IN THE MATTER OF DAVID THOMAS DORER.

PER CURIAM.

This disciplinary matter is before the Court on the petition for voluntary discipline filed by Respondent David Thomas Dorer (State Bar No. 934408) prior to the filing of a formal complaint. In his petition, Dorer, who has been a member of the Bar since 2012, seeks a Review Panel reprimand for his admitted violation of Rule 8.4 (a) (4), the maximum penalty for which is disbarment. The State Bar has responded, recommending that this Court accept the petition.

In his petition, Dorer states that in November 2014, a client hired him to represent her husband in a state forfeiture matter. In order to meet the statutory deadlines, Dorer states that he prepared a verified answer to which he signed the client's name, indicating that he had express permission to do so. Dorer had the signature notarized by his assistant and filed the document in court in response to the forfeiture petition.  Dorer further states that he met

with his client and, based on the conversation, did not substitute a verified answer containing the actual signature of his client. According to the response filed by the State Bar of Georgia, a Houston County grand jury indicted Dorer, as well as his assistant, under OCGA § 16-10-20 (making it a felony to file false statements and writings with any state or local government agency) and OCGA § 16-10-20.1 (making it a felony to file false documents in a court of this state).[1]  Dorer entered a negotiated plea to the charges and pleaded guilty to the misdemeanor offense of violating OCGA § 45-17-8 (e): "In performing any notarial act, a notary public shall confirm the identity of the document signer, oath taker, or affirmant based on personal knowledge or on satisfactory evidence."[2]  Dorer later filed this petition for voluntary discipline.

Dorer contends that his actions did not violate Rule 8.4 (a) (3)[3] because, in his view, his misdemeanor conviction did not involve a crime of moral turpitude. What Dorer expressly admitted in his guilty plea is that he

---

[1] We note that the record consists only of Dorer's petition and the State Bar's response.

[2]  The record suggests that Dorer is not a notary public, and so one of the facts that is unclear from the record is whether he pleaded guilty as a party to the crime.  See OCGA § 16-2-20.

[3] A lawyer violates Rule 8.4 (a) (3) when he is convicted of a misdemeanor involving moral turpitude where the underlying conduct relates to his fitness to practice law.

failed to confirm the identity of the party signing the verified answer in the forfeiture matter. Dorer did not himself notarize the document, and he asserts in his petition that his actions violated Rule 8.4 (a) (4).[4]

Dorer asserts that his proposed discipline is in line with this Court's precedent. See *In the Matter of Davis*, 291 Ga. 169 (728 SE2d 548) (2012) (Review Panel reprimand for two violations of Rule 8.4 (a) (4) arising from attorney's action of falsifying client's signature on court documents and having those signatures notarized); *In the Matter of West*, 301 Ga. 901 (804 SE2d 340) (2017) (Review Panel reprimand an appropriate sanction for violations arising out of attorney's having signed his client's name to an application for asylum without any intent to deceive or falsify).[5] In mitigation of discipline, Dorer asserts that he has no prior disciplinary history; that he has cooperated in this disciplinary proceeding; that he is remorseful; and that he otherwise has good character and reputation in the

---

[4] This rule states: "It shall be a violation of the Georgia Rules of Professional Conduct for a lawyer to . . . engage in professional conduct involving dishonesty, fraud, deceit or misrepresentation . . . ."

[5] In neither of these cases did the lawyer plead guilty to a misdemeanor arising from the conduct at issue. Compare *In the Matter of Youn*, 300 Ga. 134 (793 SE2d 379) (2016) (accepting voluntary discipline of eighteen-month suspension for admitted violation of Rule 8.4 (a) (3)).

legal community, but he includes no attestations to his character or reputation.

In its response, the Bar agrees that it is best to consider this case solely as a violation of Rule 8.4 (a) (4)[6] but contends that the mitigating factors should include only that Dorer has no prior disciplinary history; that he has displayed a cooperative attitude; and that he is inexperienced in the practice of law. The Bar contends that under the circumstances of this case, a Review Panel reprimand is appropriate. See *Davis*, supra; *West*, supra; *In the Matter of Swain*, 290 Ga. 678 (725 SE2d 244) (2012) (public reprimand for notarizing a signature outside the presence of the signer). But while the conclusions that Dorer violated Rule 8.4 (a) (4) and that a Review Panel reprimand is appropriate may ultimately, in fact, be sound ones, they cannot be drawn reasonably from the sparse admissions contained in the petition.

By definition, a violation of Rule 8.4 (a) (4) involves "dishonesty, fraud, deceit or misrepresentation." To conclude, therefore, that the petition shows a violation of Rule 8.4 (a) (4), the petition must admit facts that would establish dishonesty, fraud, deceit, or misrepresentation. We find no such admission in the petition. According to the petition, Dorer signed a

---

[6] We note it is unclear from the record or the Bar's brief why the admitted conduct would not constitute a violation of Rule 8.4 (a) (3). See *In the Matter of Jones*, 293 Ga. 264 (1) (744 SE2d 6) (2013) (misdemeanors involving dishonesty may be crimes of moral turpitude).

verification for his client and had his assistant notarize the verification. If the signature purported to have been affixed by the client himself, that certainly could amount to deceit or a misrepresentation. The signature, however, did not purport to have been affixed by the client. To the contrary, the signature was followed immediately by the notation "WEP DD," which any reasonable lawyer would understand to be a disclosure that the signature was affixed by "DD"—presumably Dorer—with the express permission of his client. When a lawyer signs a document for a client, with the express permission of the client and disclosing to those to whom the document is directed that the signature was affixed by the lawyer for the client, the lawyer has committed no ethical violation. To the contrary, that is something lawyers routinely do.

Perhaps the deceit and misrepresentation was not the signature itself, but instead, the representation that Dorer had permission to affix the signature to the verification. But no admission in the petition supports such a conclusion. Indeed, the petition is silent about whether Dorer had permission to sign the verification. Dorer does admit in the petition that he entered a plea of guilty to a criminal violation of OCGA § 45-17-8 (e), which requires the notary to confirm the identity of the document signer, oath taker, or affirmant. But that admission does not justify an inference that Dorer lacked the permission of his client to sign the verification, because OCGA § 45-17-8

5

(e) requires a notary merely to confirm the "*identity* of the document signer, oath taker, or affirmant" (emphasis supplied), and it says nothing about a notary confirming the authority of a person signing a document under a claim of authority. Whatever formed the basis for the plea, we cannot infer from the fact of the plea alone that Dorer lacked permission from his client to sign the verification and cannot, therefore, conclude that the plea shows a violation of Rule 8.4 (a) (4).

Dorer may have lacked permission to sign the verification, but the petition does not show a lack of permission. Perhaps the petition is incomplete, or maybe it misrepresents what actually happened.[7] But we find no basis in the petition for discipline under Rule 8.4 (a) (4). In the absence of a better understanding of exactly what Dorer did to violate that Rule and why Rule 8.4 (a) (3) is not applicable, we reject his petition. That is what this Court has done in other cases in which petitions for voluntary discipline lacked sufficient detail for us to determine that a violation actually occurred or for us to understand the nature of the conduct amounting to the violation. See, e.g., *In the Matter of Braziel*, 303 Ga. 154, 156 (810 SE2d 476) (2018) (rejecting petition for voluntary discipline in part "[b]ecause of the uncertainty regarding the underlying facts"); *In the Matter of West*, 299 Ga.

---

[7] In either event, we note that the record in this case is especially sparse. Among other things, it does not include a copy of the verification that Dorer admitted to signing for his client, the indictment or accusation to which he entered a plea of guilty, or his plea colloquy.

6

731, 732 (791 SE2d 781) (2016) (rejecting petition for voluntary discipline where "the facts admitted by West simply do not support the conclusion that he violated Rule 1.2 (d)"). Especially considering that a Rule 8.4 (a) (4) violation is among the most serious charges that can be leveled against an attorney — it is a violation that commonly warrants disbarment[8] — we do not accept a Review Panel reprimand as a sufficient sanction for a putative Rule 8.4 (a) (4) violation without a full understanding of the underlying facts.

Petition for voluntary discipline rejected.  Nahmias, P. J., Benham, Hunstein, Blackwell, Boggs, and Peterson, JJ., concur.  Melton, C. J., dissents.

---

[8] See *In the Matter of Nicholson*, 299 Ga. 737, 741 (791 SE2d 776) (2016).

MELTON, Chief Justice, dissenting.

Based on Dorer's petition for voluntary discipline, the majority concludes that there is insufficient evidence to show that David Thomas Dorer violated Georgia Rule of Professional Conduct 8.4 (a) (4), and, concomitantly, a Review Panel reprimand is not appropriate. I believe, however, that Dorer's admissions show that he violated Rule 8.4 (a) (4), and a Review Panel reprimand is an appropriate sanction. Accordingly, I respectfully dissent.

Dorer pled guilty to violating OCGA § 45-17-8 (e),[9] but he disclaimed any conduct involving moral turpitude in his petition for voluntary discipline. Rule 8.4 (a) (4) applies to professional conduct involving "dishonesty, fraud, deceit or misrepresentation," like acts prohibited by OCGA § 45-17-8 (e). We have found the appropriate sanction for this type of violation of Rule 8.4

---

[9] "In performing any notarial act, a notary public shall confirm the identity of the document signer, oath taker, or affirmant based on personal knowledge or on satisfactory evidence." OCGA § 45-17-8 (e).

(a) (4) is a Review Panel reprimand. See *In the Matter of Ellis*, 296 Ga. 83 (764 SE2d 856) (2014) (Review Panel reprimand was an appropriate sanction for attorney's conduct in failing to supervise an employee who signed the client's name without authorization); *In the Matter of Davis*, 291 Ga. 169 (728 SE2d 548) (2012) (Review Panel reprimand for two violations of Rule 8.4 (a) (4) was appropriate where attorney twice falsified and notarized the signature of his client on documents, reasoning that he knew or should have known such actions were improper even where the client had in fact signed a separate verification form before a notary); *In the Matter of Swain*, 290 Ga. 678 (725 SE2d 244) (2012) (public reprimand was appropriate for the admitted violations of Rules 1.2 (d) and 8.4 (a) (4), consisting of notarizing the signature on documents executed outside the attorney's presence). In line with this precedent, Dorer has asked for this appropriate discipline, and the State Bar has agreed to this resolution. Under these clear-cut circumstances in which the petitioner admits to the crime, agrees that he has violated the applicable rule, and requests the appropriate punishment, we should accept the petition for voluntary discipline. To do otherwise, as the majority does, simply frustrates the efficiency of the disciplinary process, both from the perspective of protecting the integrity of the State Bar and allowing the disciplined petitioner to reach the resolution of his case.

Decided September 10, 2018.

Petition for voluntary discipline.

R. Gary Spencer, for Dorer.

Paula J. Frederick, General Counsel State Bar, Jenny K. Mittelman, Assistant General Counsel State Bar, for State Bar of Georgia.