306 Ga. 381
FINAL COPY

S19Y0608.  IN THE MATTER OF EDWARD NEAL DAVIS.

PER CURIAM.

This disciplinary matter is before the court for a second time. See *In the Matter of Davis*, 303 Ga. 564 (814 SE2d 383) (2018) ("*Davis I*"). In *Davis I*, this Court rejected Edward Neal Davis's petition for voluntary discipline that sought a Review Panel reprimand. Upon remand, special master Michael E. Sumner was appointed. Following a hearing, the special master issued a report recommending a 90-day suspension for Davis's misconduct in notarizing a signature that he did not witness and for a technical violation of rules governing trust accounts. But given the mitigating factors present, we conclude that a public reprimand □ a less severe punishment than a suspension □ is the appropriate sanction.

The facts, as found by the special master and supported by the record, show that the improper notarization arose out of Davis's representation of a client in its 2009 purchase of real estate jointly

owned by a husband and wife. Davis knew the couple and previously had represented them in real estate transactions. For the 2009 transaction, Davis prepared the Warranty Deed and Owners' Affidavit in the couple's names as grantors. At closing, Davis notarized the signatures of both the husband and wife on the Warranty Deed and Owners' Affidavit; the wife was not present, but the husband was. It later became apparent (in the couple's 2012 divorce proceedings) that the wife had not signed either document. Davis admitted that he failed to take any independent steps to verify that the wife had signed the documents and that he relied on the husband's representations. Although it is not known who signed the wife's name, there is no evidence in the record that Davis forged her signature. When the wife learned of the sale for the first time in divorce proceedings, she retained counsel, and filed a quiet title action against Davis's client that had purchased the property. She ultimately entered into a settlement agreement with Davis's client in which she ratified the sale and dismissed all claims to the property, but did not receive any compensation.

As the special master correctly concluded, these facts support a finding of violations of Rules 4.1 (a) and 8.4 (a) (4) of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d).  See, e.g., *In the Matter of Cherry*, 305 Ga. 667 (827 SE2d 239) (2019) (preparing and sending letter with false signature and notarization violated Rules 4.1 and 8.4 (a) (4)); *In the Matter of Davis*, 291 Ga. 169 (728 SE2d 548) (2012) (violation of Rule 8.4 (a) (4) established by attorney's action of falsifying client's signature on court documents and having those signatures notarized).

The trust account violation arose out of a $15,000 loan Davis obtained from a former client in 2011. In 2012, Davis obtained a loan from a third party to repay the loan from the former client with interest.  Davis deposited the proceeds from the third party into his trust account, thus mingling personal and trust funds. Davis then repaid the former client with a check drawn on the trust account for the amount he had just deposited, thus using the trust account for personal use.

The special master found that the improper use of the trust account was negligent, but unintentional, noting that Davis maintained his trust account at the same bank as his personal account. These facts support the conclusion that Davis's conduct constitutes a violation of Rules 1.15 (I) (a) and 1.15 (II) (b). See *In the Matter of Howard*, 292 Ga. 413, 414 (738 SE2d 89) (2013) (technical violation of Rule 1.15 occurred when attorney mistakenly deposited check into operating account rather than in trust account and mistake led to check drawn on trust account being returned for insufficient funds).

With regard to the appropriate mitigating and aggravating factors to consider, we look, as is our custom, to the American Bar Association Standards for Imposing Lawyer Sanctions (1992). See *In the Matter of Morse*, 266 Ga. 652, 653 (470 SE2d 232) (1996). In this matter, we find pertinent that Davis has no prior disciplinary history; that he lacked an intent to cause harm; that there was no dishonest or selfish motive; that he has accepted responsibility for his actions; that he has expressed remorse; and that he has

4

cooperated in the disciplinary process. See ABA Standards 9.32 (a), (b), (e), and (l); see also *In the Matter of Swain*, 290 Ga. 678, 679 (725 SE2d 244) (2012) (recognizing lack of intent to cause harm as mitigating factor for Rule 8.4 (a) (4) violation). The special master's report does not identify any aggravating factors, but we note that Davis has substantial experience in the practice of law, as he has been a member of the Bar since 1990. See ABA Standard 9.2.

Considering the facts and the mitigating and aggravating factors, we conclude that a public reprimand is the appropriate sanction in this case and is consistent with discipline imposed in prior, similar cases. See *In the Matter of West*, 301 Ga. 901 (804 SE2d 340) (2017) (imposing Review Panel reprimand for violations arising out of attorney having signed his client's name to an application for asylum without any intent to deceive or falsify); *In the Matter of Ellis*, 296 Ga. 83 (764 SE2d 856) (2014) (imposing Review Panel reprimand for attorney's conduct in failing to supervise an employee who signed client's name, without authorization, to loan agreement needed for obtaining medical treatment); *In the Matter of Howard*,

5

292 Ga. at 414 (imposing public reprimand for a lawyer for technical violations of Rule 1.15 (II), where no harm was done to clients); *In the Matter of Davis*, 291 Ga. at 170 (imposing Review Panel reprimand for Rule 8.4 (a) (4) violation where attorney twice falsified and notarized client's signature on two documents filed in court but where out-of-state client had signed identical documents before notary, attorney informally advised opposing counsel, and attorney filed client's true originals three months later); *In the Matter of Swain*, 290 Ga. 678 (725 SE2d 244) (2012) (imposing public reprimand for Rule 8.4 (a) (4) violation where attorney notarized document signed outside of attorney's presence).

Accordingly, the Court orders that Edward Neal Davis be administered a public reprimand in open court pursuant to Bar Rules 4-102 (b) (3) and 4-220 (c) for his violations of Rules 1.15 (I) (a), 1.15 (II) (b), 4.1, and 8.4 (a) (4).

*Public reprimand. All the Justices concur.*

Decided July 1, 2019.

Public reprimand.

*Paula J. Frederick, General Counsel State Bar, Jenny K. Mittelman, Andreea N. Morrison, Assistant General Counsel State Bar*, for State Bar of Georgia.