NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the Supreme Court of Georgia

Decided: May 28, 2025

S25Y0649. IN THE MATTER OF STEPHANIE DIANNE WOODARD.

PER CURIAM.

This disciplinary matter is before the Court on the petition for voluntary discipline filed by Stephanie Dianne Woodard (State Bar No. 233695) prior to the filing of a Formal Complaint. See Bar Rule 4-227 (b). Woodard has been a member of the State Bar since 1996 and served as the Solicitor General of the Hall County State Court for 15 years. In her petition, Woodard admits that, between July 2018 and September 2022, she received 11 improper reimbursements from the Prosecuting Attorneys' Council of Georgia and Hall County and that she entered a guilty plea to one misdemeanor count of a violation of OCGA § 45-11-4 (b) (1) (a public officer may be criminally charged for malpractice, misfeasance, or

malfeasance in office) and (5) (a public officer may be criminally charged for willfully and knowingly demanding more cost than she is entitled to by law), which constitutes a violation of Rule 8.4 (a) (3) and (4) of the Georgia Rules of Professional Conduct ("GRPC"), found in Bar Rule 4-102 (d). The maximum sanction for a violation of these Rules is disbarment. While acknowledging that her conduct was a breach of her duty as a public official, Woodard asserts that several mitigating factors are applicable and requests that the Court impose a public reprimand for her Rule violations. In response, the Bar states that Woodard's request for a public reprimand is appropriate but notes that the presumptive penalty for her violations is a short suspension. Upon careful review, we decline to accept Woodard's petition for the reasons explained below.

In her petition, Woodard states that, on June 18, 2024, she was indicted by a Hall County Grand Jury on 24 felony counts of criminal misconduct, which was comprised of 13 counts involving alleged

violations of OCGA § 16-10-20[1] and 11 counts involving alleged violations of OCGA § 16-8-2.[2] The 24 counts alleged that, on 11 occasions, Woodard—while serving as the Solicitor General of the Hall County State Court—made requests and received reimbursement for expenses which were not official expenses for which she was entitled to reimbursement. Specifically, Counts 1-11 related to reimbursements from the Prosecuting Attorneys' Council, the circumstances of which Woodard contends she has "scant

[1] OCGA § 16-10-20 provides that:

A person who knowingly and willfully falsifies, conceals, or covers up by any trick, scheme, or device a material fact; makes a false, fictitious, or fraudulent statement or representation; or makes or uses any false writing or document, knowing the same to contain any false, fictitious, or fraudulent statement or entry, in any matter within the jurisdiction of any department or agency of state government or of the government of any county, city, or other political subdivision of this state shall, upon conviction thereof, be punished by a fine of not more than $1,000.00 or by imprisonment for not less than one nor more than five years, or both.

[2] OCGA § 16-8-2 provides that:

A person commits the offense of theft by taking when he unlawfully takes or, being in lawful possession thereof, unlawfully appropriates any property of another with the intention of depriving him of the property, regardless of the manner in which the property is taken or appropriated.

3

information," but believes may have resulted because she improperly sought reimbursement from both the Prosecuting Attorneys' Council and Hall County. Counts 12 and 13 related to an improper charge for the cremation of a dog, which Woodard contends was an inadvertent and improper charge. Counts 14 and 15 related to cleaning supplies provided to someone Woodard was rehoming, which she contends was a legitimate reimbursement request pursuant to the Legal Victim Assistance Program and which resulted in an indictment because of the State's misunderstanding of the Program. Counts 16 and 17 related to a meal at a restaurant, which Woodard also contends was a legitimate reimbursement request. Counts 18-22[3] related to an improper charge for an LSAT prep course for Woodard's daughter, which she contends happened because someone on her staff saw the receipt and mistakenly

_____

[3] Woodard mistakenly states in her petition that only Counts 18-21 in the indictment were related to the LSAT prep course, but Count 22 was also related to the same reimbursement.

4

pursued reimbursement. Counts 23 and 24[4] related to a pillow purchased for Woodard's son, which she contends happened because she mistakenly used the wrong credit card. In total, the amount of misappropriated funds was $2,219.28 (with $1,190.48 from the Prosecuting Attorneys' Council and $1,028.80 from Hall County).

Following the indictment, Woodard and the State began negotiations and agreed that the matter would be best settled by a nolle prosequi of the felony charges and Woodard entering a guilty plea to one misdemeanor count of a violation of OCGA § 45-11-4 (b) (1) and (5). According to Woodard, the State was concerned as to whether there was sufficient evidence to prove scienter or intent, as required for the indicted felony charges. Nevertheless, as Woodard admitted that her conduct constituted a breach of her duty as a public official, such that there was enough showing of criminal culpability to sustain a misdemeanor conviction under OCGA § 45-11-4, she entered her guilty plea under the First Offender Act and

---

[4] Similar to the previous mistake, Woodard inadvertently omits Count 24 in her description of the counts in her petition, but Counts 23 and 24 are the correct counts related to the reimbursement for the pillow.

received 12 months on probation, which was to be terminated upon full and timely payment of restitution.[5]

Based on her conduct, Woodard admits to violating Rule 8.4 (a) (3) (it shall be a violation of the GRPC for a lawyer to "be convicted of a misdemeanor involving moral turpitude where the underlying conduct relates to the lawyer's fitness to practice law") and (4) (it shall be a violation of the GRPC for a lawyer to "engage in professional conduct involving dishonesty, fraud, deceit, or misrepresentation"). Further, relying on the ABA Standards for Imposing Lawyer Sanctions (1992), Woodard offers in mitigation that she has no disciplinary history; that she lacked a dishonest or selfish motive; that she was experiencing personal or emotional problems due to suffering from a physical ailment and the death of a family member; that she made a timely good faith effort to make restitution and rectify the consequences of her misconduct; that she

---

[5] Because Woodard provided full restitution at the time of the plea, no probation sentence was ever initiated. Further, because Woodard fully complied with the Georgia First Offender Act, she is now exonerated and has no criminal record.

cooperated fully with the Georgia Bureau of Investigation and the State Bar and is petitioning for voluntary discipline; that her character and reputation are good, as she has volunteered her time in many laudable activities for her community;[6] that she was suffering a physical disability; that she received additional penalties and sanctions for her conduct, including negative public attention in the media and her resignation from her position as Solicitor General; and that she has expressed remorse for her misconduct. See ABA Standard 9.32 (a), (b), (c), (d), (e), (g), (h), (k) & (l). Woodard also notes in mitigation that the State and trial court recognized that her conduct was more appropriately characterized as a misdemeanor, as evident by the State agreeing to nolle prosequi all 24 felony counts and accept the plea to one count of a misdemeanor, and the court sentencing Woodard as a first offender for which she received a sentence of probation. Woodard does not state any factors in aggravation.

---

[6] Woodard states that she has served as a member or in a leadership role for several government entities and nonprofit organizations.

In addressing the sanction to be imposed, Woodard requests a public reprimand "instead of a harsher punishment" due to the applicable mitigating factors and contends that this Court has imposed public reprimands for similar Rule violations. Woodard relies on *In the Matter of Cherry*, 305 Ga. 667 (827 SE2d 239) (2019)—in which we accepted a petition for voluntary discipline seeking public reprimand where the attorney admitted to violating Rule 8.4 (a) (4) by sending a letter to an insurance company in which she falsified a signature—and *In the Matter of Davis*, 306 Ga. 381 (830 SE2d 734) (2019)—in which we imposed a public reprimand where the attorney violated Rule 8.4 (a) (4) by improperly notarizing a signature that he did not witness.

In response, the State Bar recommends that this Court accept Woodard's petition for voluntary discipline seeking a public reprimand, although it states that the presumptive penalty for Woodard's violations is a short suspension. Further, the State Bar notes that it agrees that eight out of the nine mitigating factors Woodard listed in her petition apply to her case; the State Bar does

not address whether the absence of a dishonest or selfish motive was applicable. Additionally, the State Bar found that two of the aggravating factors listed in ABA Standard 9.22 are applicable— substantial experience in the practice of law, and illegal conduct. See ABA Standard 9.22 (i) and (k).

Although the State Bar supports Woodard's request for a public reprimand, we do not agree that a public reprimand for Woodard's violations of Rules 8.4 (a) (3) and (4) is sufficient as "a penalty to the offender, a deterrent to others, and an indication to laymen that the courts will maintain the ethics of the profession." See *In the Matter of Dowdy*, 247 Ga. 488, 493 (277 SE2d 36) (1981) (cleaned up). As an initial matter, we have explained that "a violation of Rule 8.4 (a) (4) is among the most serious violations with which a lawyer can be charged." *In the Matter of West*, 300 Ga. 777, 778 (798 SE2d 219) (2017). We have also explained that for a Rule 8.4 (a) (3) violation "either suspension or disbarment is an appropriate sanction, depending on the circumstances." *In the Matter of Gardner*, 286 Ga. 623, 624 (690 SE2d 611) (2010). Further, as a public official,

9

Woodard was in a position of power and responsibility, and when considering the appropriate sanction to impose "[t]his Court is . . . concerned . . . about the public's confidence in the profession." *In the Matter of Blitch*, 288 Ga. 690, 692 (706 SE2d 461) (2011). See also *In the Matter of Skandalakis*, 279 Ga. 865, 867 (621 SE2d 750) (2005) (noting in aggravation that the attorney's misconduct "arose out of his actions as an elected public official").

Additionally, the two cases upon which Woodard relies to support her request for a public reprimand—*Cherry* and *Davis*—are easily distinguishable from the situation here, as these cases neither involved a lawyer being convicted of a misdemeanor involving moral turpitude nor a lawyer's repeated misuse of government funds. Rather, we conclude that this case is most similar to *In the Matter of Williams*, 284 Ga. 96 (663 SE2d 181) (2008)—in which we accepted the petition for voluntary discipline seeking a six-month suspension for the violation of Rule 8.4 (a) (3) filed by an assistant district attorney who "participated in a scheme initiated by his boss, the then-District Attorney, to obtain from [the county] money to

10

which the District Attorney was not entitled" and "pled guilty to a single violation of OCGA § 45-11-5 (misdemeanor for a public officer to receive money not due [to] him through the use of his office)." 284 Ga. at 96-97. See also *In the Matter of Adams*, 291 Ga. 768, 768 (732 SE2d 446) (2012) (imposing 18-month suspension where attorney misrepresented the number of hours worked representing indigent clients and overbilled the judicial circuit's Indigent Defense Program over $10,000). Because Woodard's case is more akin to cases which resulted in 6-month and 18-month suspensions than to cases which resulted in a public reprimand, we are rejecting Woodard's petition without prejudice to allow her to file a renewed petition seeking voluntary discipline more consistent with the cases we cite as applicable.

We therefore reject the petition for voluntary discipline.

*Petition for voluntary discipline rejected. Peterson, CJ, Warren, PJ, and Bethel, Ellington, McMillian, LaGrua, Colvin, and Pinson, JJ, concur.*