## S08Y2153. IN THE MATTER OF PAUL L. HANES.
(676 SE2d 167)

PER CURIAM.

This disciplinary matter is before the Court pursuant to the Notice of Discipline filed by the State Bar alleging that Paul L. Hanes violated Rules 1.3, 1.16, 5.5, 8.1 and 9.3 of the Rules of Professional Conduct found in Bar Rule 4-102 (d). The maximum sanction for a violation of Rules 1.3, 5.5 and 8.1 is disbarment, while the maximum sanction for a violation of Rules 1.16 and 9.3 is a public reprimand.

According to the facts set forth in the Notice of Discipline, which was not properly rejected by Hanes, the Investigative Panel of the State Disciplinary Board found probable cause to believe that Hanes became ineligible to practice law on September 1, 2006 due to the non-payment of bar dues; the Board of Governors administratively suspended Hanes on October 1, 2007 and he has still not paid his bar dues; this Court suspended Hanes on March 15, 2007 for non-compliance with CLE requirements, which remain unsatisfied; Hanes represented a client in a civil litigation matter from approximately June 7, 2006 through July 27, 2007, during which time he became ineligible to practice law, but did not inform his client of his ineligibility, seek to withdraw, or protect the client's interest; after Hanes failed to respond to a summary judgment motion, the trial court granted summary judgment against the client and thus Hanes willfully abandoned, to the client's detriment, a matter entrusted to him; after the client filed a complaint against Hanes with the State Bar regarding Hanes' unauthorized practice of law, the Investigative Panel issued a Notice of Investigation to which Hanes did not respond even though he acknowledged service thereof.

Based on the above, the Investigative Panel issued a Notice of Discipline charging Hanes with violations of Rules 1.3, 1.16, 5.5, 8.1 and 9.3 of Bar Rule 4-102 (d) in his handling of the client's matter. The Investigative Panel concluded that disbarment would be the appropriate disciplinary sanction for him, finding in aggravation that he failed to respond to the Notice of Investigation, and his prior discipline included an Investigative Panel Reprimand in 2003. Hanes acknowledged service of the Notice of Discipline on September 2, 2008 and filed a single document purporting to be both a Notice of Rejection of Discipline and a Response to the Pending Grievance on October 2, 2008, within the 30-day period required by Bar Rule 4-208.3 (a). In his response, Hanes admitted everything in the Notice of Discipline except that he denied not filing a response to the summary judgment motion, he denied violating the listed rules, and he denied that disbarment was the appropriate discipline.

The State Bar responded that Hanes' Notice of Rejection of Discipline was invalid because Hanes has never filed a written

response to the pending grievance in any form or at any stage, see Bar Rule 4-208.3 (b), and therefore Hanes is in default, has no right to an evidentiary hearing, and is subject to such discipline and further proceedings as the Court deems appropriate per Bar Rule 4-208.1 (b).

In relevant part, Bar Rule 4-208.3 (b) states:

> No rejection by the respondent shall be considered valid unless the respondent files a written response to the pending grievance at or before the filing of the rejection. A copy of such written response must also be filed with the Clerk of the Supreme Court at the time of filing the Notice of Rejection.

We find that although Hanes filed a document titled "Response to the Pending Grievance" with this Court, it was inadequate because it was not separately filed with the Investigative Panel, see Bar Rules 4-208.3 (b); 4-204.3, and because it was not specifically directed to the pending grievance but was part of the rejection of the Notice of Discipline. Id. Accordingly, we agree with the State Bar and find that Hanes' Notice of Rejection of Discipline is invalid and that Hanes is in default.

Under these circumstances, we agree with the findings of the Investigative Panel and find that disbarment is the appropriate discipline for Hanes' violations of Rules 1.3, 1.16, 5.5, 8.1 and 9.3 of Bar Rule 4-102 (d). Therefore, we find that Paul L. Hanes should be, and hereby is, disbarred and order that his name be stricken from the roll of attorneys licensed to practice law in this state. He is reminded of his obligations under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur, except, Carley, J., not participating.*

DECIDED APRIL 28, 2009.

*William P. Smith III, General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar*, for State Bar of Georgia.