S10Y0235. IN THE MATTER OF SYLVIA ANN MARTIN.
(687 SE2d 830)

PER CURIAM.

This disciplinary matter is before the Court on Sylvia Ann Martin's petition for voluntary discipline, in which she seeks the imposition of a Review Panel reprimand for her violation of Rule 8.4 (a) (4) of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d). The State Bar has filed a response expressing no objection to the petition.

The grievance initiating this action was filed by Martin's husband's former business partner. In September 2008 Martin's husband used his business American Express ("AMEX") card to obtain a cash advance from the business. Martin had a merchant account with AMEX that allowed her to accept payment from AMEX cardholders. If she made a transaction with an AMEX cardholder, then the cardholder's AMEX account was debited and the funds were credited into Martin's business operating account. Martin's husband had the cash advance he took from his AMEX business account deposited through Martin's AMEX merchant account into her attorney operating account. Civil litigation currently is pending between the partners regarding disposition of the funds as well as other business assets. Martin admits that she violated Rule 8.4 (a) (4) by allowing her operating account to be used even though legal services were not provided. Although a violation of Rule 8.4 (a) (4) may be punished by disbarment, in mitigation of discipline Martin states that she has been a member of the State Bar since 1988 and has no prior disciplinary history; she has made full and free disclosure and displayed a cooperative attitude toward these proceedings; and she has good moral character and reputation in the community as

evidenced by the four character reference letters attached to her petition.

After reviewing the record, the Court agrees that Martin violated Rule 8.4 (a) (4) inasmuch as there were no legal services performed for the deposit of the funds, but we note that no client funds or matters were involved. While Martin's action showed poor judgment in this matter, it appears to be an isolated incident related to her husband's business dispute and does not affect client matters. Therefore, we agree that a Review Panel reprimand is the appropriate sanction in this case and accept the petition for voluntary discipline. The Court hereby orders that Martin receive a Review Panel reprimand in accordance with Bar Rules 4-102 (b) (4) and 4-220 for her admitted violation of Rule 8.4 (a) (4).

*Review Panel reprimand. All the Justices concur.*

DECIDED JANUARY 25, 2010.

*Paula J. Frederick, General Counsel State Bar, A. M. Christine Petrig, Assistant General Counsel State Bar*, for State Bar of Georgia. *Warren R. Hinds*, for Martin.