S10Y0809. IN THE MATTER OF CRAIG STEVEN MATHIS.
(691 SE2d 202)

PER CURIAM.

This matter is before the Court on the Petition for Voluntary Discipline filed by Respondent Craig Steven Mathis pursuant to Bar Rule 4-227 (c) (1) after the issuance of a Formal Complaint. In the petition, Mathis admits to violating Rules 1.3, 1.4, and 8.4 (a) (4) of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d). Mathis seeks the imposition of a Review Panel reprimand. The State Bar and the Special Master, William H. Mills, recommend that the Court accept the petition.

Mathis admits that in May 2007 he agreed to represent a client in a child custody matter. Mathis did not meet with the client that day; instead, his secretary conferred with the client and had the client sign a sworn "Verification" to be used in the petition for change in custody that had not yet been drafted, in which verification the client swore and attested that the facts in the petition were

true and accurate. The client also signed an employment agreement and paid $1,500. In a June 2007 telephone call, the secretary read to the client the petition drafted by Mathis and confirmed the accuracy of the allegations. When the petition was not filed as expected, the client attempted to call Mathis and arrange a meeting, but he spoke with Mathis only once in September 2007 and never met with him. In the meantime, Mathis filed the petition in August 2007. Because the client had been unable to consult with Mathis in person, he discharged Mathis in October 2007 and hired new counsel. The client subsequently filed a fee arbitration petition against Mathis and was awarded $500. Mathis paid the $500 in accordance with the award. Mathis admits that he violated Rule 1.3 when he did not file the custody petition until August 2007; violated Rule 1.4 when he did not confer in person with the client and spoke to him only once by telephone after he filed the petition; and violated Rule 8.4 (a) (4) when he had his client sign the verification before he had drafted the petition and then filed it with the verification attached even though the client never read or saw the petition before signing the verification.

Although violations of Rules 1.3 and 8.4 may be punished by disbarment, and violation of Rule 1.4 may be punished by a public reprimand, we agree with the State Bar and the Special Master that a Review Panel reprimand is an appropriate discipline in this case. In mitigation we note Mathis' cooperation with the State Bar, his remorse, and his payment to the client of the $500 award. Therefore, the Court accepts the petition for voluntary discipline and hereby orders that Craig Steven Mathis receive a Review Panel reprimand in accordance with Bar Rules 4-102 (b) (4) and 4-220 (b).

*Review Panel reprimand. All the Justices concur.*