S11Y0769. IN THE MATTER OF CRAIG STEVEN MATHIS.
(712 SE2d 809)

PER CURIAM.

This disciplinary matter is before the Court on a Notice of Discipline filed by the Office of General Counsel of the State Bar of Georgia, at the direction of the Investigative Panel of the State Disciplinary Board. The State Bar seeks the disbarment of Craig Steven Mathis[1] based on his handling of funds received in settlement of his client's lawsuit. Although the State Bar personally served Mathis pursuant to Bar Rule 4-203.1 (b) (3) (i), he failed to file a Notice of Rejection. As a result, Mathis violated Rule 9.3 of the Georgia Rules of Professional Conduct,[2] is in default, has waived his right to an evidentiary hearing, and is subject to such discipline and further proceedings as may be determined by this Court. See Bar Rule 4-208.1 (b).

Since November 22, 2010, Mathis has been suspended indefinitely from the practice of law in Georgia pursuant to this Court's opinion finding him in contempt for his failure to appear for an earlier-ordered Review Panel reprimand that he had requested in a petition for voluntary discipline. See *In the Matter of Mathis*, 288 Ga. 311 (702 SE2d 635) (2010); *In the Matter of Mathis*, 286 Ga. 728 (691 SE2d 202) (2010).[3] The facts in the disciplinary action before us are deemed admitted by virtue of Mathis's default and show that a client hired Mathis to represent her in a personal injury action and Mathis filed a lawsuit which eventually settled for $60,000. Mathis received

---

[1] State Bar No. 477027.

[2] "During the investigation of a grievance filed under these Rules, the lawyer complained against shall respond to disciplinary authorities in accordance with State Bar Rules."

[3] In that disciplinary action, Mathis filed a petition for voluntary discipline after the issuance of a formal complaint, and admitted having violated Rules 1.3, 1.4, and 8.4 (a) (4) in his handling of a child-custody petition on behalf of a client.

the settlement funds and, despite his client's direction to pay $29,785 to satisfy outstanding medical expenses relating to her injury and treatment, he never did so. Instead, he promised to pay the providers and noted the payment on a settlement statement he furnished to his client, but kept the money for his own personal use despite having already received $12,000 in attorney fees from the settlement. The client, upon learning that the medical bills had not been paid when the providers began dunning her for payment, attempted to contact Mathis about his failure to pay the bills, but he failed to return her calls or otherwise explain why he had not paid the medical providers or what had happened to the portion of settlement funds meant for those providers. By these actions, Mathis violated Rules 1.2,[4] 1.3,[5] 1.4,[6] 1.15 (I)[7] and (II),[8] and 8.4 (a) (4)[9] of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). Violation of most of these Rules allows for disbarment.

The Investigative Panel found no factors in mitigation of discipline and noted in aggravation that Mathis stole funds belonging to his client that were meant to satisfy the client's outstanding medical bills, and that Mathis had a prior disciplinary history that reflected he had been issued a formal letter of admonition in June 2008 as well as the 2010 Review Panel reprimand that led to his indefinite suspension in 2010.

Having reviewed the record, we agree that disbarment is the appropriate sanction in this matter. Accordingly, it is hereby ordered that the name of Craig Steven Mathis be removed from the rolls of persons authorized to practice law in the State of Georgia. Mathis is reminded of his duties pursuant to Bar Rule 4-219 (c).

---

[4] An attorney shall abide by a client's decision regarding the object of the representation and shall consult with the client as to the means by which they are to be achieved.

[5] A lawyer shall not without just cause to the detriment of a client in effect willfully abandon or disregard a legal matter entrusted to the lawyer.

[6] A lawyer is required to keep the client reasonably informed about the status of matters and shall promptly comply with reasonable requests for information.

[7] A lawyer is to hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property, and is required to deliver promptly to the client or third person any funds or other property that the client or third person is entitled to receive; upon request by the client or third person, the lawyer shall promptly render a full accounting regarding such property.

[8] A Georgia lawyer who receives money or property on behalf of a client must maintain or have available a trust account, and all funds held by a lawyer for a client shall be deposited in and administered from such account. No personal funds shall ever be deposited in a lawyer's trust account, except that unearned attorney's fees may be so held until the same are earned. Records on such trust accounts shall be so kept and maintained as to reflect at all times the exact balance held for each client or third person. No funds shall be withdrawn from such trust accounts for the personal use of the lawyer maintaining the account except earned attorney's fees debited against the account of a specific client and recorded as such.

[9] A lawyer violates the Rules of Professional Conduct when the lawyer engages in professional conduct involving dishonesty, fraud, deceit or misrepresentation.

*Disbarred. All the Justices concur.*

DECIDED APRIL 26, 2011.

*Paula J. Frederick, General Counsel State Bar, Jonathan W. Hewitt, Assistant General Counsel State Bar,* for State Bar of Georgia.