In the Supreme Court of Georgia

Decided:    June 30, 2014

S14Y0632.IN THE MATTER OF BARBARA W. WILLIS.

PER CURIAM.

This matter is before the Court on the Notice of Discipline seeking disbarment of Barbara W. Willis (State Bar No. 777675).  Willis acknowledged service of the notice but she failed to file a proper Notice of Rejection,[1] so she is in default, has waived her right to an evidentiary hearing, and is subject to such discipline and further proceedings as may be determined by this Court, see Bar Rule 4-208.1 (b).

The facts, as deemed admitted by Willis' default, show that Willis, who was admitted to practice in 1991, was appointed as successor administrator of two estates but converted $36,550.44 in estate funds to her own use.  She

---

[1]Willis filed a one-sentence Notice of Rejection on February 11, 2014, but because she did not file a written response to the pending grievance pursuant to Bar Rule 4-208.3, this Court entered an order on February 14, 2014 ruling her rejection invalid, see Bar Rule 4-208.1 (b).  Pretermitting whether Willis filed an adequate written response to the grievance with the State Bar as she claims, she failed to file a copy with the Clerk of this Court at the time she filed her notice of rejection as required, see Bar Rules 4-208.3 (b); 4-204.3 (b).  See In the Matter of Hanes, 285 Ga. 293, 294 (676 SE2d 167) (2009).

knowingly filed false accountings with the Probate Court in Worth County regarding those funds, and at a show cause hearing on June 10, 2013, Willis admitted that she removed the funds from the estates. Willis has not repaid the funds to the estates and did not respond to the Notice of Investigation. By this conduct, Willis has violated Rules 1.5, 1.15 (I), 1.15 (II), 3.3, 8.4 (a) (4) and 9.3 of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d).

The State Bar found no factors in mitigation of discipline, but in aggravation it recited that Willis attempted to deceive the court and the parties with her accountings, had a selfish and dishonest motive in converting the funds, and failed to make restitution to the estates. The State Bar recommends that Willis be disbarred.

We have reviewed the record in this case and agree that disbarment is the appropriate sanction. Therefore, we hereby order that the name of Barbara W. Willis be removed from the rolls of persons authorized to practice law in the State of Georgia. She is reminded of her duties under Bar Rule 4-219 (c).

Disbarred. All the Justices concur.