303 Ga. 800
FINAL COPY

S18Y0921.  IN THE MATTER OF GEORGE W. SNIPES.

PER CURIAM.

This disciplinary matter is before the Court on a Notice of Discipline seeking the disbarment of George W. Snipes (State Bar No. 665775). The Chairperson of the Investigative Panel authorized service by publication without the necessity of first attempting personal service. See Bar Rule 4-203.1 (b) (4).[1] The State Bar then properly served Snipes by publication pursuant to Bar Rule 4-203.1 (b) (3) (ii), and Snipes failed to file a Notice of Rejection. Therefore, he is in default, has waived his right to an evidentiary hearing, and is subject to such discipline and further proceedings as may be determined by this Court. See Bar Rule 4-208.1 (b).

---

[1] Bar Rule 4-203.1 (b) (4) says:
> When it appears from an affidavit made by the Office of General Counsel that the Respondent has departed from the state, or cannot, after due diligence, be found within the state, or seeks to avoid the service, the Chairperson of the Investigative Panel, or the chair's designee, may authorize service by publication without the necessity of first attempting personal service.  The affidavit made by the Office of General Counsel must demonstrate recent unsuccessful attempts at personal service upon the Respondent regarding other or related disciplinary matters and that such personal service was attempted at Respondent's address as shown on the records of the Membership Department of the State Bar of Georgia.

The facts, as deemed admitted by Snipes's default, are as follows. A client retained Snipes to represent him in connection with an automobile accident on a contingency fee basis. In March 2016, without the client's authorization or knowledge, Snipes settled the case with the other driver's insurance company for $300,000. The insurance company sent the settlement checks (one for $250,000 and the other for $50,000), which were made payable to the client and Snipes, directly to the client, who did not know that Snipes had settled the case. The client contacted Snipes, who admitted that he had settled the case. Snipes reminded the client that Snipes was owed attorney fees and needed to pay the client's outstanding medical bills. At Snipes's direction, the client endorsed the settlement checks and surrendered them to Snipes. Snipes gave the client a check for $170,000 from his attorney trust account and, in a letter dated March 11, 2016, promised to pay the client's outstanding medical bills and his attorney fees from the remaining $130,000 of the settlement funds. Snipes never paid any of the $130,000 to medical providers on the client's behalf, nor did he otherwise account to the client for the funds. Instead, he converted the funds to his own personal use.

On August 25, 2017, the client filed a grievance with the State Bar, and on October 27, 2017, the Investigative Panel issued a Notice of Investigation. Although Snipes acknowledged service pursuant to Bar Rule 4-203.1 (b) (1), he failed to file a sworn, written response as required by Bar Rule 4-204.3. He is currently under an indefinite suspension for his failure to adequately respond to the State Bar's investigation of another matter. See In the Matter of Snipes, S18Y0909 (Mar. 12, 2018).

The Investigative Panel found, and we agree, that by his conduct Snipes violated Georgia Rules of Professional Conduct 1.2, 1.3, 1.5, 1.15 (I), 8.4 (a) (4), and 9.3. See Bar Rule 4-102 (d). The maximum sanction for a single violation of Rule 1.2, 1.3, 1.15 (I), or 8.4 (a) (4) is disbarment, and the maximum sanction for a single violation of the other rules is a public reprimand. In aggravation of discipline, the Investigative Panel considered Snipes's settlement of the claim without the client's knowledge or authority and conversion or misappropriation of settlement funds. See ABA Standards for Imposing Lawyer Sanctions, Standard 9.22 (b) (aggravating factors include "dishonest or selfish motive").

Having reviewed the record, we conclude that disbarment is the appropriate sanction in this matter. See In the Matter of Mathis, 289 Ga. 176, 176-177 (712 SE2d 809) (2011). Accordingly, it is hereby ordered that the name of George W. Snipes be removed from the rolls of persons authorized to practice law in the State of Georgia. We remind him of his duties pursuant to Bar Rule 4-219 (c).

Disbarred.  All the Justices concur.

Decided June 4, 2018.

Disbarment.

Paula J. Frederick, General Counsel State Bar, Jenny K. Mittelman, James S. Lewis, Assistant General Counsel State Bar, for State Bar of Georgia.