305 Ga. 667
FINAL COPY

S19Y0671.  IN THE MATTER OF MELODY YVONNE CHERRY.

PER CURIAM.

Respondent Melody Yvonne Cherry (State Bar No. 123395) has filed a renewed petition for voluntary discipline pursuant to Bar Rule 4-227 (b) (2) to resolve two pending disciplinary matters after this Court rejected her initial petition seeking a public reprimand. See *In the Matter of Cherry*, 304 Ga. 836 (822 SE2d 823) (2019) ("*Cherry I*"). In rejecting Cherry's earlier petition, we noted that because there was no information about whether a doctor who had filed a grievance had been made whole, "we are unable to determine whether the proposed resolution of these two matters is reasonable." Id. at 840. The renewed petition says that Cherry has paid the doctor's bill in full, and she again seeks a public reprimand for her admitted violations of Rules 1.15 (I) (b), 4.1, and 8.4 (a) (4) of the

Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d).

The State Bar supports the petition.

As set forth in *Cherry I*:

*State Disciplinary Board Docket No. 7135*

With regard to State Disciplinary Board ("SDB") Docket No. 7135, Cherry, who joined the State Bar in 1992, admits that in 2015 she was retained by a client to represent him in a personal injury claim arising from an incident occurring on May 24, 2015. Because several people were injured in the accident, the limits of insurance coverage under the policy were insufficient to settle all of the claims, and the client was not able to receive what he believed was full compensation for his injuries and special damages. Cherry filed suit on the client's behalf, and after some discovery the claim was settled in September 2016 for a gross amount of $16,300. Cherry knew at that time that a lien had been asserted against the claim by a hospital and therefore made only a limited disbursement to her client. In February 2017, however, after the hospital notified Cherry that its lien had been released, Cherry prepared a settlement statement reflecting the client's wishes that the remaining funds, after reduction for attorney fees, costs, and repayment of a litigation loan, be paid directly to him to the exclusion of certain healthcare providers, including a doctor who Cherry knew had provided chiropractic care to her client. By signing the settlement statement, the client agreed that he would be "responsible for all outstanding medical expenses and [that he would] pay the same." Thereafter, Cherry paid the balance of the net proceeds of the settlement to her client.

Cherry admits, however, that in June 2015, she had sent a letter to the doctor who provided chiropractic care to the client advising him that "any medical expenses incurred on behalf of [her client] shall be protected at the time of settlement of this case" and that "[s]aid funds shall be forwarded to your office upon conclusion of this matter." The recitation of facts by the Bar indicates that the doctor provided medical treatment to the client in reliance on Cherry's written assurance that medical expenses incurred by the client would be protected at the time of the settlement of the case and that funds would be forwarded to the doctor upon conclusion of the case. The Bar's response indicates the doctor submitted a bill in the amount of $2,444 for services to the client. The Bar's response also refers to a grievance filed by the doctor, but the record does not contain a copy of that grievance. Cherry admits that by following her client's directive at the time of the disbursement in disregard of the interests of the doctor and his practice, she violated Rule 1.15 (I) (b)[1] of the Georgia Rules of Professional Conduct.

---

[1] Rule 1.15 (I) relates to the safekeeping of property, and subsection (b) states in pertinent part:

For the purposes of this Rule, a lawyer may not disregard a third person's interest in funds or other property in the lawyer's possession if:
1. the interest is known to the lawyer, and
2. the interest is based upon one of the following:
    i. A statutory lien;
    ii. A final judgment addressing disposition of those funds or property; or
    iii. A written agreement by the client or the lawyer on behalf of the client guaranteeing payment out of those funds or property.

. . .

## State Disciplinary Board Docket No. 7136

With regard to SDB Docket No. 7136, Cherry admits that on April 19, 2017, a woman contacted her by phone concerning an April 18, 2017 automobile accident, providing the woman's address, the name of the at-fault driver, the at-fault driver's insurance company, and the assigned claim number. That same day, Cherry sent a letter of representation to the insurance company, referring to the woman who had called her as "my client" and requesting information about potentially applicable liability insurance coverage. The letter purported to include the woman's signature, notarized by Cherry's employee, but the woman did not actually sign the letter and Cherry's employee notarized the signature at Cherry's direction. Cherry admits she is responsible for the false signature and that she intended for the insurance company to rely on the notarized signature in providing the requested information, which Cherry intended to use to help the woman promptly resolve any personal injury claim. An early e-mail from the woman may have given Cherry a basis for believing that the woman would soon be officially hiring her, but Cherry heard nothing more until mid-May when an attorney called, on the woman's behalf, advising Cherry that the woman had never hired Cherry or authorized her to communicate with the liability insurer. Cherry immediately notified the insurance company that she no longer represented the woman, but she admits that by preparing and sending the April 19 letter, she violated

Rules 4.1[2] and 8.4 (a) (4)[3] of the Georgia Rules of Professional Conduct.

*Cherry I*, 304 Ga. at 836-838.

As noted in *Cherry I*, the factors in mitigation of discipline that are supported by the record include a lack of a prior disciplinary history; a lack of a selfish or dishonest motive; a timely good faith effort to rectify the consequence of her misconduct; a cooperative attitude toward the disciplinary proceedings; and otherwise good character and positive reputation in the community. See ABA Standards for Imposing Lawyer Sanctions 9.32. We note as factors in aggravation that Cherry has substantial experience in the practice of law and that this matter involves multiple offenses. See id. at 9.22.

---

[2] Rule 4.1 states in pertinent part:

> In the course of representing a client a lawyer shall not knowingly:
>
> a. make a false statement of material fact or law to a third person; or
>
> b. fail to disclose a material fact to a third person when disclosure is necessary to avoid assisting a criminal or fraudulent act by a client, unless disclosure is prohibited by Rule 1.6.

[3] Rule 8.4 (a) (4) states it is a violation of the Rules for a lawyer to "engage in professional conduct involving dishonesty, fraud, deceit or misrepresentation . . . ."

Each of the three Rules that Cherry admits to violating has a maximum penalty of disbarment, but in light of her payment in full of her client's doctor's bill and the mitigating circumstances noted, we agree that a public reprimand would be consistent with prior decisions of this Court. See, e.g., *In the Matter of Davis*, 291 Ga. 169 (728 SE2d 548) (2012) (Review Panel reprimand for two Rule 8.4 (a) (4) violations where attorney twice signed client's name and had signature notarized on documents filed in client's civil case); *In the Matter of Swain*, 290 Ga. 678 (725 SE2d 244) (2012) (public reprimand for violation of Rules 1.2 (d) and 8.4 (a) (4) where client's signatures on court documents were notarized outside of client's presence). See also *In the Matter of Mathis*, 286 Ga. 728 (691 SE2d 202) (2010) (Review Panel reprimand for admitted violations of Rules 1.3, 1.4, and 8.4 (a) (4), for failing to communicate with client or promptly file her petition to change custody, and then ultimately filing the petition with a signed client verification attached even though client signed the verification without ever reading or seeing the petition).

Accordingly, we accept Cherry's renewed petition for voluntary discipline and order that she be administered a public reprimand in open court pursuant to Bar Rules 4-102 (b) (3) and 4-220 (c) and (d) for her admitted violations of Rules 1.15 (I) (b), 4.1, and 8.4 (a) (4).

*Petition for voluntary discipline accepted. Public reprimand. All the Justices concur.*

Decided April 15, 2019.

Public reprimand.

<u>Warren R. Hinds</u>, for Cherry.

<u>Paula J. Frederick, General Counsel State Bar, William D. NeSmith III, Deputy General Counsel State Bar, Jenny K. Mittelman, James S. Lewis, Assistant General Counsel State Bar</u>, for State Bar of Georgia.