306 Ga. 189
FINAL COPY

S19Y0823.  IN THE MATTER OF ALEXANDER E. KAHN.

PER CURIAM.

This disciplinary matter is before the Court on a Notice of Discipline seeking the disbarment of Alexander E. Kahn (State Bar No. 405797) for his gross misconduct in his representation of a client and in business and financial dealings with that client.[1]  The Notice of Discipline was issued on February 26, 2019, and the State Bar personally served Kahn, but he failed to file a Notice of Rejection. Therefore, he is in default, has waived his right to an evidentiary hearing, and is subject to such discipline and further proceedings as may be determined by this Court.  See Bar Rule 4-208.1 (b).  Kahn is currently under an administrative suspension for failure to pay his Bar dues.

---

[1] This Court issued an order on January 12, 2018, comprehensively amending Part IV of the Rules and Regulations for the Organization and Government of the State Bar of Georgia ("Bar Rules"); the new rules govern this matter because it was commenced after July 1, 2018.

The facts, as deemed admitted by virtue of Kahn's default, show that Kahn, who was admitted to the Bar in 2002, began providing legal and financial advice to a client in 2011. He formed Troy Holdings, LLC and encouraged the client to invest money in the company. Between 2012 and 2018, the client delivered over $300,000 to Kahn for investment in Troy Holdings. Kahn misrepresented to the client that she owned 75% of Troy Holdings and that her investment was achieving a 10% rate of return. The client repeatedly asked Kahn for a copy of Troy Holdings's operating agreement, financial statements, and investment records, but he failed to provide the requested documents; she also asked for a return of her investment, but Kahn has failed to return any money.

Additionally, in Kahn's representation of the client in tax matters, he represented that he was preparing her tax returns but failed to provide her copies of the returns; he failed to provide documentation related to his representation of the client in connection with a penalty assessed with regard to her 2013 taxes; and he failed to file her 2015 return after he had prepared it and she

had signed it. Finally, although Kahn agreed to prepare a will for the client, he failed to deliver it despite her repeated requests.

These facts show that throughout his representation of the client, Kahn willfully abandoned the legal matters entrusted to him, to the client's detriment; he failed to keep her reasonably informed about the status of her legal matters; and he collected unreasonable fees, since he did not do the work he was paid to do. With regard to the business transactions, he failed to disclose the terms of the transactions, failed to obtain the client's written consent to the essential terms of the transactions, and failed to advise her of the desirability of seeking the advice of independent counsel. Additionally, Kahn failed to hold the client's funds separate from his own, failed to deliver her funds to her, and failed to render a full accounting when she requested one. Finally, Kahn failed to submit a sworn, written response to the Notice of Investigation as required by Bar Rule 4-204.3.

These facts establish that Kahn violated Rules 1.3, 1.4, 1.5, 1.8 (a), 1.15 (I), 1.16, and 8.4 (a) (4) of the Georgia Rules of Professional

Conduct found in Bar Rule 4-102 (d). The maximum sanction for a violation of Rules 1.3, 1.15 (I), and 8.4 (a) (4) is disbarment, and the maximum sanction for a violation of Rules 1.4, 1.5, 1.8 (a), and 1.16 is a public reprimand.

In aggravation of discipline, the Board found that Kahn acted willfully and dishonestly, acted with a selfish motive, has engaged in multiple violations of the Rules of Professional Conduct, has intentionally failed to comply with the rules of the disciplinary process, has experience in the practice of law, and has been indifferent to making restitution, as the record shows that the client obtained a judgment against him, but he has failed to appear at post-judgment discovery depositions.

We agree that disbarment is the appropriate sanction in this matter. See, e.g., *In the Matter of Snipes*, 303 Ga. 800 (815 SE2d 54) (2018) (disbarment for abandonment of client and conversion of client funds to personal use); In the Matter of Choi, 297 Ga. 793 (778 SE2d 228) (2015) (accepting voluntary surrender of license, which is tantamount to disbarment, for failing to properly manage

4

substantial funds entrusted to attorney in fiduciary capacity involving law practice and two business ventures).

Therefore, the Court orders that the name of Alexander E. Kahn be removed from the rolls of persons authorized to practice law in the State of Georgia. Kahn is reminded of his duties pursuant to Bar Rule 4-219 (b).

Disbarred. All the Justices concur.

Decided June 10, 2019.

Disbarment.

Paula J. Frederick, General Counsel State Bar, William D. NeSmith III, Deputy General Counsel State Bar, Jenny K. Mittelman, Assistant General Counsel State Bar, for State Bar of Georgia.