307 Ga. 459
FINAL COPY

S19Y1471. IN THE MATTER OF CARLA BURTON GAINES.

PER CURIAM.

This disciplinary matter is before the Court on the report and recommendation of special master Trishanda L. Treadwell, who recommends that respondent Carla Burton Gaines (State Bar No. 282012) be disbarred for her violations of a variety of the Georgia Rules of Professional Conduct in conjunction with her handling of escrow funds entrusted to her and her actions during the resulting litigation. Despite having been properly served with the Formal Complaint, Gaines, who has been a member of the Bar since 1991, did not answer or otherwise respond, and therefore the special master properly found her to be in default.

The facts, as deemed admitted by Gaines's default, show that, in or around July 2014, Gaines received $713,196 to hold in a fiduciary capacity as an escrow agent for a real estate transaction in Clayton County. Pursuant to the terms of the escrow agreement,

Gaines released $375,000 to a company on or about November 3, 2015. Under the agreement, Gaines was supposed to release an additional $337,400 to the same company on or around March 4, 2016, but she failed to do so. Instead, she withdrew the company's funds from her trust account, commingled them with her own funds, and ultimately converted them to her own use. Gaines failed to truthfully account for the company's funds, and when the company demanded payment of the funds, Gaines told the company that she had wired the funds to it when she had not done so. The company sued Gaines and her firm to recover the funds, and obtained a default judgment in the amount of $337,400 plus attorney fees, interest, and costs. During a post-judgment deposition, Gaines falsely testified that she had transferred approximately $280,000 of the company's funds to a third party in error, but she failed to name the alleged third party. Although the company also served on Gaines and her firm certain post-judgment discovery requests, she failed to respond to those requests as required by law; she failed to respond despite a court order compelling her to do so; she failed to respond

to the company's motion to hold her in contempt; and she failed to appear at the November 27, 2017 hearing on that motion. After the hearing, the court granted the company's motion to hold Gaines in contempt and imposed a civil fine of $1,000 per day until she complied with the discovery order. The court also ordered Gaines to appear for a compliance hearing on December 20, 2017. Gaines appeared at the hearing and informed the court that she would comply with its orders by December 29, 2017. But when she did not comply, the company renewed its motion for contempt and requested Gaines's incarceration. The court then issued a Rule Nisi for Gaines's appearance on March 5, 2018, to show cause why she should not be incarcerated for her continuing contempt. On March 5, 2018, the court ordered her incarcerated until she complied with the orders compelling discovery responses. This disciplinary matter ensued, and although Gaines acknowledged service of the notice of investigation on August 3, 2018, she failed to file a timely sworn response to the notice.

Based on those admitted facts, the special master correctly determined that Gaines had violated Rules 1.15 (I) (c), 1.15 (II) (a), 1.15 (II) (b), 3.3 (a) (1), 3.4 (a), 3.5 (d), and 9.3 of the Georgia Rules of Professional Conduct. See Bar Rule 4-102 (d). The maximum punishment for a violation of Rule 1.15 (I) (c), 1.15 (II) (a) and (b), 3.3 (a) (1), or 3.4 (a) is disbarment, while the maximum punishment for a violation of Rule 3.5 (d) or 9.3 is a public reprimand.

The special master considered the American Bar Association (ABA) Standards for Imposing Lawyer Sanctions, see *In the Matter of Morse*, 266 Ga. 652 (470 SE2d 232) (1996), and found that under these facts disbarment is the appropriate sanction. See ABA Standards 4.11 (a), 6.11 (a), 6.21, and 7.1. She found no factors in mitigation of discipline but found in aggravation that Gaines had a prior disciplinary offense (having received a formal letter of admonition in June 2014 for disregarding a client's case); had a dishonest or selfish motive; had committed multiple offenses; had engaged in bad-faith obstruction of the disciplinary proceeding by intentionally failing to comply with the disciplinary rules; had

4

substantial experience in the practice of law; and had exhibited indifference to making restitution. See ABA Standard 9.22 (a), (b), (d), (e), (i), and (j). Ultimately, the special master concluded that disbarment was the appropriate sanction and that it was consistent with prior cases disbarring lawyers who have stolen money, acted dishonestly, and defaulted in the disciplinary process. See *In the Matter of Cheatham*, 304 Ga. 645 (820 SE2d 668) (2018) (disbarment for attorney with no prior disciplinary history who, among other things, converted to his own use sales proceeds from a real estate closing and failed to respond to the formal complaint); *In the Matter of Snipes*, 303 Ga. 800 (815 SE2d 54) (2018) (disbarment for attorney who settled case without client's knowledge and converted funds to personal use); *In the Matter of Rose*, 299 Ga. 665 (791 SE2d 1) (2016) (disbarment for attorney with no prior disciplinary history who, among other things, converted to his own use funds he was holding in trust as the result of a real estate transaction); *In the Matter of Willis*, 295 Ga. 454 (761 SE2d 81) (2014) (disbarment for attorney who, as the appointed administrator for two estates, converted

estate funds to her own use, filed false accountings with the probate court, failed to repay those funds, and failed to participate in the disciplinary proceedings).

Having considered the record, we agree that disbarment is the appropriate sanction in this matter. Accordingly, it is hereby ordered that the name of Carla Burton Gaines be removed from the rolls of persons authorized to practice law in the State of Georgia. Gaines is reminded of her duties pursuant to Bar Rule 4-219 (b).

*Disbarred. All the Justices concur.*

DECIDED NOVEMBER 18, 2019.
Disbarment.

*Paula J. Frederick, General Counsel State Bar, William D. NeSmith III, Deputy General Counsel State Bar, Jenny K. Mittelman, Assistant General Counsel State Bar*, for State Bar of Georgia.