NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the Supreme Court of Georgia

Decided: February 6, 2024

S24Y0195. IN THE MATTER OF COULTER CLAUZELL HENRY, JR.

PER CURIAM.

This disciplinary matter is before the Court on the report and recommendation of Special Master Kalki Yalamanchili, who recommends that the Court accept the petition for voluntary discipline filed by respondent Coulter Clauzell Henry, Jr. (State Bar No. 677456) pursuant to Bar Rule 4-227 (c) after the filing of a formal complaint. Henry, who has been a member of the State Bar since 2012, seeks the imposition of a public reprimand for his admitted violation of Rule 8.4 (a) (4), of the Georgia Rules of Professional Conduct ("GRPC") found in Bar Rule 4-102 (d), the maximum sanction for a single violation of which is disbarment. Having reviewed the record, we agree to accept Henry's petition for voluntary discipline.

1. *Petition for Voluntary Discipline*

In his petition for voluntary discipline, Henry states that he told the client on February 7, 2018, that his patent application had been filed when, in fact, the patent application had not been filed yet. Henry did not file the client's patent application until more than three months later, on May 29, 2018. Henry states he was under intense stress at the time because of the breakup of his marriage. Henry was diagnosed with high blood pressure and had a stroke around this time, and he believes these health problems were due to the stress he was under from the failure of his marriage. In the petition, Henry expresses remorse for his actions and says he has apologized to the client. Henry acknowledges that falsely telling his client that the patent application had been filed in February 2018 violated Rule 8.4 (a) (4),[1] and says he understands his conduct was wrong. Henry also states he has now told the client the truth, that he did not file the application in February 2018, when he told the

---

[1] Rule 8.4 (a) (4) provides that it shall be a violation of the GRPC for a lawyer to "engage in professional conduct involving dishonesty, fraud, deceit or misrepresentation."

client he had, but did so later, in May 2018. Henry also contends that the effects of the stress he was under made work difficult for him during this time period.

Referencing the American Bar Association's Standards for Imposing Lawyer Sanctions ("ABA Standards"), which this Court looks to for guidance in determining the appropriate sanction to impose, see *In the Matter of Morse*, 266 Ga. 652, 653 (470 SE2d 232) (1996), Henry states the following should be considered in mitigation: that he has expressed remorse, apologized to the client, and accepts responsibility for his actions. He repeats that he understands his conduct was wrong and violated the Rules and says he has now filed a non-provisional patent application, which he believes provided an adequate, enabled description of the client's invention. He also says he has offered to return his fee to the client, notes that he has no prior discipline, and says this conduct was an isolated incident. Further, he contends that he was undergoing great stress, which he says affected his actions and work. Finally, Henry says his cooperation in resolving this matter should also be considered in mitigation. Henry

3

again acknowledges his conduct was "improper" and violated Rule 8.4 (a) (4) and contends that he was unable to properly evaluate the propriety of his actions given his temporary mental and physical impairments.

Based on the above, Henry suggests a public reprimand is the appropriate disciplinary action for his circumstance, and that such punishment is consistent with sanctions imposed in prior disciplinary cases.

2. *State Bar Response*

The State Bar supports Henry's petition for voluntary discipline, which requests a public reprimand as a sanction, so long as Henry fully refunds the fee he received from the client and provides proof of such refund to the State Bar and Special Master. The State Bar contends that Henry's petition contains sufficient factual admissions for the acceptance of his petition, as he admits that he falsely told his client that he had filed for a non-provisional patent in Feb-

ruary 2018. The State Bar also contends that Henry's petition contains relevant admissions of conduct, as he admits that he violated Rule 8.4 (a) (4).

The State Bar recites ABA Standard 4.62, which provides that suspension is the generally appropriate penalty when a lawyer knowingly deceives a client and causes injury or potential injury to the client. However, the State Bar recognizes that each case is unique, and the generally applicable penalty can be adjusted up or down based on the presence of mitigating or aggravating factors in a matter.

The State Bar agrees that Henry has demonstrated mitigating circumstances in this matter sufficient to warrant a public reprimand, instead of a suspension, and that no aggravating circumstances are present in this matter. See ABA Standard 9.22.

The State Bar recognizes that a violation of Rule 8.4 (a) (4) is serious and may warrant disbarment, but states that the Court has approved of a public reprimand as an appropriate sanction in cases involving violations of Rule 8.4 (a) (4). See *In the Matter of Swain*,

290 Ga. 678, 678-679 (725 SE2d 244) (2012) (accepting petition for voluntary discipline and imposing public reprimand for violations of Rules 1.2 (d) and 8.4 (a) (4)); *In the Matter of Turner*, 289 Ga. 563, 563-564 (713 SE2d 867) (2011) (accepting petition for voluntary discipline and imposing a review panel reprimand for violations of Rules 1.5, 1.15 (I), 1.15 (II), and 8.4 (a) (4)); *In the Matter of Martin*, 286 Ga. 417, 417-418 (687 SE2d 830) (2010) (accepting petition for voluntary discipline and imposing a review panel reprimand for violation of Rule 8.4 (a) (4)). The State Bar concludes that the misconduct here appears to have been an aberration in Henry's career that occurred during a time of personal stress and anxiety and notes that Henry has admitted the misconduct, expressed remorse, and offered to refund the fee charged to the client. Thus, the State Bar supports Henry's petition for voluntary discipline and Henry's request for a public reprimand "so long as [Henry] provides a full refund to [the client] and provides proof of such refund to the State Bar and Special Master."

### 3. *Stipulation*

After the State Bar filed its response, the State Bar and Henry filed a Stipulation. Therein, they "agree that [Henry] owes the Grievant $2,500 as a refund of attorney's fees, and that [Henry] shall pay $2,500 to the Grievant as a condition to the Special Master's recommendation that this matter be resolved through [Henry's] Petition for Voluntary Discipline."

### 4. *Report and Recommendation of the Special Master*

The Special Master made findings of fact in accordance with those detailed in Henry's petition for voluntary discipline and the State Bar's response. The Special Master noted that Henry admitted that his conduct violated Rule 8.4 (a) (4). The Special Master also agreed that there are no aggravating factors present in this matter pursuant to ABA Standard 9.22. The Special Master stated that the following mitigating circumstances are applicable to this matter: (1) ABA Standard 9.32 (a), absence of prior disciplinary record; (2) ABA Standard 9.32 (c), personal or emotional problems; (3) ABA Standard 9.32 (d), timely good faith effort to make restitution or to rectify

7

consequences of misconduct; (4) ABA Standard 9.32 (e), full and free disclosure to disciplinary board or cooperative attitude toward proceedings; (5) ABA Standard 9.32 (l), remorse.[2]

The Special Master noted that a violation of Rule 8.4 (a) (4) is serious and may warrant disbarment but agrees with the State Bar and Henry that this Court has found a public reprimand to be appropriate as well in cases involving a violation of Rule 8.4 (a) (4). The Special Master found that Henry has no prior disciplinary history; he was dealing with significant personal and emotional problems as a result of his marriage being in the process of ending as well as dealing with significant health issues at the time he engaged in the conduct that violated Rule 8.4 (a) (4); Henry filed the patent application after his dishonest misrepresentation to his client in an effort to rectify the consequences of his misconduct and has agreed

---

[2] Although the State Bar included in its list of mitigating factors the absence of a dishonest or selfish motive, ABA Standard 9.32 (b), the Special Master did not include ABA Standard 9.32 (b) among his list of mitigating factors. The Special Master was correct to omit ABA Standard 9.32 (b) as a mitigating factor because Henry's intentional false statement to the client was, by definition, dishonest.

to refund the legal fee paid by the client; Henry has further shown remorse; and Henry has shown a cooperative attitude during the proceedings. The Special Master indicated that, in similar circumstances, this Court has deemed a public reprimand or review panel reprimand to be appropriate. See *In the Matter of Bell*, 299 Ga. 143, 143-144 (787 SE2d 166) (2016) (accepting petition for voluntary discipline and imposing a review panel reprimand where lawyer admitted she violated Rule 8.4 (a) (4) and other Rules "by failing to truthfully communicate with her client regarding discovery and appointment of a guardian ad litem, failing to timely respond to discovery, failing to seek the appointment of a guardian ad litem, and failing to thoroughly prepare for certain hearings"); *In the Matter of Swain*, 290 Ga. at 678-679 (accepting petition for voluntary discipline and imposing a public reprimand for violation of Rules 1.2 (d) and 8.4 (a) (4) where lawyer notarized a signature affixed to a document outside the lawyer's presence and where several mitigating and no aggravating factors were present); *In the Matter of Mathis*, 286 Ga. 728,

728-729 (691 SE2d 202) (2010) (accepting petition for voluntary discipline and imposing a review panel reprimand where lawyer had a client sign a verification in advance of drafting a petition for change of custody and failed to ever meet with the client or have the client read or see the petition before affixing the verification).

The Special Master ultimately recommended the sanction of a public reprimand, conditioned on Henry refunding the legal fee of $2,500 and providing proof of the same.

5. *Proof of Refund*

After the matter was docketed with this Court, the Court received proof that Henry has refunded his former client the full $2,500 fee.

6. *Analysis*

Having reviewed the record, we agree with the Special Master that the imposition of a public reprimand is an appropriate sanction in this matter. See *In the Matter of Cherry*, 305 Ga. 667, 669-671 (827 SE2d 239) (2019) (accepting petition for voluntary discipline and imposing a public reprimand for violating Rules 1.15 (I) (b), 4.1,

10

and 8.4 (a) (4) where several mitigating factors and some aggravating factors were present and where lawyer sent letter purporting to represent a person she did not represent and signed that person's name on the letter without their knowledge and had it notarized); *In the Matter of Swain*, 290 Ga. at 678-679. See also *In the Matter of Davis*, 306 Ga. 381, 381-383 (830 SE2d 734) (2019) (public reprimand, and not 90-day suspension recommended by the Special Master, was appropriate for violation of Rules 1.15 (I) (a), 1.15 (II) (b), 4.1, and 8.4 (a) (4) where lawyer notarized a signature he did not witness and where case involved technical violations of Rules governing trust accounts). Accordingly, we accept the petition for voluntary discipline and direct that Coulter Clauzell Henry, Jr. receive a public reprimand in accordance with Bar Rules 4-102 (b) (3) and 4-220 (c) for his admitted violation of Rule 8.4 (a) (4).

*Petition for voluntary discipline accepted. Public reprimand. All the Justices concur.*